### ERIE R. CO. v. REGAN.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 241.

1. **Master and servant ⊜⇒288(5)—Assumption of risk of boarding train with snow bank near track held for jury.**

    In a railroad conductor's action for injuries sustained when he attempted to board the train, which engineer had started without signal from conductor, and a snow bank near the track caused him to lose his balance, *held*, that the question of assumption of risk was for the jury.

2. **Master and servant ⊜⇒217(26)—Risk assumed by conductor boarding train.**

    A railroad conductor assumed the risk of injury normally incident to boarding of moving trains, but not such risk as might arise from the failure of the engineer to operate the train with due care at a moderate rate of speed, in order to enable him to board it without undue peril to himself, until made aware of the danger.

    Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by William F. Regan against the Erie Railroad Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

Stetson, Jennings & Russell, of New York City (Theodore Kiendl and William C. Cannon, both of New York City, of counsel), for plaintiff in error.

Humphrey J. Lynch, of New York City, for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. At the time of the injury to the defendant in error, he was engaged in interstate commerce as a conductor on a freight train of the plaintiff in error. This train was being operated by the M. R. tower near Susquehanna, in the state of Pennsylvania. At this point there are two tracks. There had been a heavy snowstorm, which rendered only one of the tracks available for traffic. An order was given to stop at the M. R. tower for further orders as to the track upon which to proceed. This was done. There it was expected that the conductor would receive a written order from the towerman authorizing the train to proceed. After the train stopped, the defendant in error proceeded to walk through the snow, a distance of approximately 1,000 feet—the length of his train—for the purpose of going to the tower to receive his orders. While so doing, the engineer

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

started the train without having first been signaled so to do by the defendant in error. This was contrary to the rules of the road. The train proceeded under some headway—at a speed estimated at from 6 to 10 miles an hour—when the defendant in error arrived near the tower. The defendant in error knew, and it proved to be the fact, that a path about 4 feet in width had been cleared through the snow, extending from the tower to the railroad track. Upon arriving at this path, the caboose of the train appeared opposite him. He thereupon attempted to board this car for the purpose of stopping the train, and in so doing took hold with both hands of the handrail near the rear step of the caboose and placed his right foot on the step, and before he had an opportunity to swing his body entirely on the caboose steps, a pile of snow 4 or 5 feet high, in close proximity to the track, hit his left foot, causing him to lose his balance and to be dragged a distance of about 30 feet, when he was finally forced to release his hold and one of his legs was run over by the wheels of a pusher engine attached to the rear of the train, crushing it and necessitating amputation. The plaintiff in error offered no evidence in defense.

[1, 2] The only assignment of error argued is the refusal of the court below to hold that the defendant in error assumed the risk as a matter of law and therefore should not recover. The District Judge submitted the question of assumption of risk as one of fact to the jury and by their verdict they exonerated the defendant in error. The question of the contributory negligence of the defendant in error was also submitted to the jury. The snow was thought to be light by the defendant in error and of no interference to his jumping upon the caboose in safety. But the snow was piled near the rail, and it is argued by the plaintiff in error that he knew, or should have known in the exercise of reasonable care, of its close proximity, and likewise that it was packed hard. Therefore it is said that, when he attempted to jump on a moving train, he assumed the risk of coming in contact with this snow bank and the consequent causing his hold to be released. It is argued from this that he was therefore chargeable with having assumed this risk as a matter of law. It is not contended that the defendant in error was guilty of contributory negligence, or assumed the risk, because of jumping on a moving train. Indeed, the nature of his business required him to do so. He had no opportunity to test the bank of snow, or ascertain how solidly it was packed or frozen. His view of it was merely that which he might be charged with having seen as he was passing alongside the freight train. He said the snow was blowing at the time, which would indicate it was light. He could rely on such operation of the train at a speed which would not render it dangerous for him to board the same while it was in motion. He could not be held as a matter of law to have been able to calculate the possibility of his foot coming in contact with the snow, or that it would have the effect of dislodging him from the step of the caboose.

To attempt to board the caboose at the steps used for such purpose, and utilizing the handrails, may well have been found by the jury to be the care of an ordinarily prudent person under the circumstances. The estimate of the speed of the train, at the time of his attempting to board

it, he could not be expected to calculate with nicety or precision. If there were fault, the jury may well have taken this into consideration under the charge of the District Judge and have reduced the verdict accordingly. The size of the verdict gives credence to this argument. The defendant in error, having voluntarily entered the service of the plaintiff in error, was required as occasion demanded to board moving trains. He assumed the risk of injury normally incident to that operation, but not such as might arise from the failure of the engineer to operate the train with due care at a moderate rate of speed in order to enable him to board it without undue peril to himself. He could presume that the engineer would exercise reasonable care for his safety and cannot be held to have assumed the risk attributable to the operation of the train at an unusually high and dangerous rate of speed until made aware of the danger, or unless the speed and the consequent danger were so obvious that an ordinarily careful person in his situation would have observed the one and appreciated the other. Gila Valley R. R. Co. v. Hall, 232 U. S. 101, 34 Sup. Ct. 229, 58 L. Ed. 521. Likewise, in order that he might be charged with assuming the risk of striking a pile of snow under the circumstances here disclosed, it must be shown that the obviousness of the danger which the physical situation and conditions produced, were known to him or should have been known to him as a prudent conductor. Chesapeake & Ohio R. R. Co. v. De Atley, 241 U. S. 315, 36 Sup. Ct. 564, 60 L. Ed. 1016; Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1 Ann. Cas. 1915B, 475; Lehigh Valley R. R. Co. v. Scanlon, 259 Fed. 137, 170 C. C. A. 205; Larson v. N. E. R. R. Co., 223 N. Y. 14, 119 N. E. 92.

Whether the defendant in error had notice or opportunity to determine with reasonable certainty what obstruction or danger there was to his safety by reason of the close proximity of the pile of snow, was for the jury to say. It cannot be said, as a matter of law, that it was so necessarily obvious to him as to be a danger before he made an attempt to board the train. Each case must be determined upon its own facts, and, in order to charge the risk to the injured employee, time and opportunity for inspection or investigation must have been afforded to him, so that the obviousness of the danger which the physical situation presented might be made known to him. The situation is different from that presented in Jacobs v. Southern R. R. Co., 241 U. S. 229, 36 Sup. Ct. 588, 60 L. Ed. 970, where admittedly the employee, who was injured while boarding a train, came in contact with a pile of cinders. He knew of the existence and location of the pile for some time, and should have appreciated the danger of boarding the train with the existence of the pile of cinders in such close proximity. In that case, the question of assumption of risk was submitted to the jury, and the verdict was for the defendant. That this was a question of fact for the jury, see Chicago R. R. v. Ward, 252 U. S. 19, 40 Sup. Ct. 275, 64 L. Ed. 430, Erie R. R. Co. v. Purucker, 244 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166, and Chesapeake & Ohio R. R. Co. v. Proffitt, 241 U. S. 462, 36 Sup. Ct. 620, 60 L. Ed. 1102.

Judgment affirmed.

H.OUGH, Circuit Judge (dissenting). The rule is well settled that "a servant assumes extraordinary risks incident to his employment or risks caused by the master's negligence which are obvious or fully known and appreciated by him." Boldt v. Pennsylvania R. R., 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385. See, also, Pennsylvania Co. v. Nelson, 259 Fed. 156, 170 C. C. A. 224; McAdoo v. Anzellotti (C. C. A.) 271 Fed. 268.

There are instances, probably many, where the evidence produced leaves it a question for the jury whether the risks were or were not obvious. But, where the evidence is uncontradicted, it is for the court to apply a rule of conduct, and therefore for the court to say whether the risk was or was not obvious. I think this risk was obvious.