## WRIGHT v. ATCHISON, T. & S. F. RY. CO.

No. 22435.   Sept. 18, 1934.

Rehearing Denied Nov. 20, 1934.

Application for Leave to File Second Petition for Rehearing Denied Dec. 11, 1934.

A. V. Dinwiddie, Charles Stephens, C. E. Rumery, and C. R. Stauffacher, for plaintiff in error.

Rainey, Flynn, Green & Anderson and Fred W. Green, for defendant in error.

McNEILL, J. This is an action for damages for personal injuries under the Federal Employers' Liability Act.

Plaintiff alleged, in substance, that, while in the performance of his duties as a fireman for the defendant railroad company, in running between the tracks of said company from his engine to another engine in the yards of said defendant at Purcell, Okla., in order to deliver a message, he struck his foot on what he took to be a stake; that he sustained a permanent injury by reason of the negligence of defendant in not providing him a smooth and safe pathway. There are other issues raised by the pleadings, such as assumption of risk and signing of releases showing settlement in full for the injury sustained.

At the close of the plaintiff's evidence the railroad company filed a demurrer to the evidence; the court sustained the same, and dismissed plaintiff's cause of action.

Three questions are presented on this appeal:

(1) Primary negligence on the part of the railroad company.

(2) If primary negligence was established, the assumption of risk on the part of plaintiff.

(3) The effect of two releases signed by plaintiff in settlement of his injury.

We consider it necessary to discuss only the first proposition. We think the trial court properly sustained the demurrer to the evidence.

Under the Federal Employers' Liability Act, as interpreted by the federal courts and the Supreme Court of the United States, which is binding upon this court in this character of an action, proof of negligence alone does not entitle an employee to recover. The negligence alleged must be the proximate cause of the injury.

In the case of Northwestern Pacific Railway Co. v. Bobo, 290, U. S. 499, 54 S. Ct. 263, 78 L. Ed. 462, Mr. Justice McReynolds said:

" 'The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause, and the case must be withdrawn from its consideration unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer.' Atchison. T. & S. F. R. Co. v. Toops, 281 U. S. 351, 354, 355, 74 L. Ed. 896, 899, 900, 50 S. Ct. 281; Chicago, M. & St. P. R. Co. v. Coogan, 271 U. S. 472, 70 L. Ed. 1041, 46 S. Ct. 564; Atchison, T. & S. F. R. Co. v. Saxon, 284 U. S. 458, 76 L. Ed. 397, 52 S. Ct. 229."

The testimony of plaintiff was that while running down the track in line of duty he caught his foot and fell to the ground, and after he started to get up and look back he saw what looked to him like a stake between him and the headlight of an engine; that there was short grass between the tracks which was from an inch to three or four inches high. In his written statement which he had made to the defendant company in regard to the injury he said that his injury "was caused by stuff being left between the tracks."

Before there can be a basis of liability under the Federal Employers' Liability Act, there must exist negligence on the part of the railroad company. This requirement of the law must be met. Circumstances cannot be presumed to exist as facts. There must be submitted substantial proof to establish negligence. The mere happening of the accident is not sufficient to warrant a recovery. There must be some act of commission or omission under the rule of common law sufficient to entitle a case founded upon negligence under the Federal Employers' Liability Act to be submitted to the jury. In this case there is no violation of any statutory provisions enacted by Congress for the safety of the employees of the railway company involved.

In the case of Patton v. T. & P. Ry. Co., 179 U. S. 658, the following rule was announced in the head-notes, as reflecting the views of the Supreme Court of the United States, speaking through Mr. Justice Brewer, as follows:

"The fact of accident carries with it no presumption of negligence on the part of the employer and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. * * * In the latter case it is not sufficient for the employee to show that the employer may have been guilty of negligence, but the evidence must point to the fact that he was; and where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause when there is no satisfactory foundation in the testimony for that conclusion."

In the case at bar there was no direct evidence that there was a stake upon the track; or that it was placed there by the defendant company, or had continued to be in place for any length of time. To warrant the submission of the issue of negligence to the jury, there must be some substantial proof of negligence. Negligence must be established as an affirmative fact. Grand v. St. L. & S. F. Ry. Co., 97 Okla. 111, 221 P. 80.

Circumstantial evidence is permissible to prove affirmative facts of negligence, but such circumstances must not be presumed so as to permit the jury to conjecture and guess as to ultimate causes of the injury. There must be substantial evidence from which it reasonably may be inferred that the proximate cause of the injury resulted from the employer's negligence. There must be such a standard required to establish negligence so that the evidence adduced reasonably shows a breach of duty owed by the defendant to the plaintiff in order that this question may not be left to the uncertain and varying judgment of jurors. See Delaware, L. & W. R. Co. v. Koske, 279 U. S. 7. As we view this record, no primary negligence was established. There was no testimony in any way which shows that there was a stake placed upon the right of way by the railway company. The plaintiff offered no proof of any inspection ever having been made to establish that a stake was placed in the ground of the railway com-

pany. The evidence reveals that at the time of the accident, the ground was frozen, and conjecture is too broad as to the real cause of the accident.

Having concluded that no primary negligence is involved, it becomes unnecessary to consider the other question of assumption of risk and the releases signed by plaintiff in settlement of this injury.

Finding no prejudicial error. the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.