**MAUS, Plaintiff-Appellee, v. NEW YORK, CHICAGO & ST. LOUIS RAILROAD CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23433. Decided July 8, 1955.

Bernsteen, Bernsteen & Gaines, for plaintiff-appellee.
Donald W. Hornbeck, for defendant-appellant.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

John R. Maus, the appellee, was an employee of the appellant, The New York, Chicago & St. Louis Railroad Company (herein called the Nickle Plate), on February 24, 1953, when he was injured while working for the railroad, in an area known as the "scrap yard."

The injury occurred at night, at a time when John R. Maus was required to operate a derail switch. In the course of going to the location of this switch, he slipped on some loose gravel, which was on the side of a small depression near the switch handle. Maus suffered injury to his back, his left knee, and his left knee joint.

The case was tried to a jury, and a verdict in the sum of $35,000 was returned in favor of the appellee, Maus.

It is from the judgment returned on this verdict that an appeal on questions of law is brought to this court for review.

In our consideration of this case, we deem only one matter necessary to discuss in this opinion. Our study of the assignments of error, the briefs, the bill of exceptions and the exhibits, discloses that no error of a prejudicial nature intervened herein, unless it was error for the trial court to refuse to give a written requested charge before oral argument to the jury. This charge is as follows:

"I charge you as a matter of law that by virtue of the Internal Revenue Act of 1954, any amount received by the plaintiff as compensation for personal injuries is exempt from Federal Income taxation, and you must take this fact in consideration in arriving at the amount of your verdict in this case."

If this written charge before argument is "a correct statement of the law, pertinent to one or more issues and applicable to evidence

adduced in the case," a mandatory duty devolved upon the trial court to give it to the jury. Sec. 2315.01 R. C.; **Washington Fidelity National Ins. Co. v. Herbert, 125 Oh St 591; Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154; Pickering v. Cirell, 163 Oh St 1.**

In the case of **Pickering v. Cirell, 163 Oh St 1,** the court, at **page 4,** said:

"Instructions to a jury should bring into view the issues in a case and show how the jury should apply the evidence in the various aspects developed at the trial and should state clearly and concisely the issues of fact and the principles of law necessary to enable it to accomplish the purpose desired."

Even though we assume that the charge as requested herein is an accurate statement of the law on the subject that a judgment for personal injuries is not considered income within the terms of the Federal Internal Revenue Act of 1954, yet we must consider whether this subject is "pertinent to one or more of the issues and applicable to evidence adduced."

The Court of Appeals for this (Eighth) District, on a matter bearing some relationship to the instant case, said:

"1. Where in a jury trial of a personal injury suit for damages, counsel for defendant in final argument states that any verdict awarded would be tax free, such remark, **though improper,** is waived upon failure of plaintiff to object at the time and request the court to instruct the jury to disregard the same." (Emphasis ours.)

**Pfister v. City of Cleveland, etc., 96 Oh Ap 185.**

The subject discussed in this opinion is relatively new, and few courts of last resort have passed on the propriety of such a charge. See: Margevich v. Chicago & N. W. Ry. Co., 116 N. E. 2d 914; O'Donnell v. Great Northern Ry. Co., 109 Fed. Supp. 590; Dempsey v. Thompson, 251 S. W. 2d 42; and 9 A. L. R. 2d 318, et seq.

In the trial of actions under the Federal Employers' Liability Act by an employee of the railroad for an injury received while in the course of his employment, a proper instruction permits the jury to assess, in addition to loss of wages, damages for pain, suffering and mental anguish. Kansas City Southern Ry. Co. v. Leslie, Admr., 238 U. S. 599, 59 L. Ed. 1478; Chesapeake & Ohio Ry. Co. v. Carnahan, 241 U. S. 241, 36 S. Ct. 594, 60 L. Ed. 979.

To permit an instruction, as requested herein, there should be an inquiry as to the amount allowed for actual loss of wages plus probable future loss of earnings, for, as to those matters, the injured person, if he had not been injured and had he continued to work, would have paid income taxes on all of his earnings. On the amount awarded for pain, suffering and mental anguish, no reasonable person would expect to pay or be assessed for income taxes.

The result of several such inquiries would so complicate the trial of a personal injury action into an intricate discussion of tax and non-tax liabilities, and so confuse the ordinary jury with technical tax questions as to defeat the purpose of a trial.

In the case of **Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154, at p. 168,** the court said:

598

"* * * where an accurate statement of law is embodied in a timely requested written charge and such charge is **pertinent to issues raised and applicable to the particular state of facts to which it is intended to apply,** a mandatory duty devolves upon the court to give it in the form tendered." (Emphasis ours.)

The written request to charge, in the instant case, was not pertinent to the issues raised, and the judge in the trial court did not commit prejudicial error when he refused to give such charge.

We find no error of a prejudicial nature in the within cause, and the judgment should therefore be affirmed.

Judgment affirmed.

STEVENS, PJ, DOYLE, J, concur.