Clarence E. Wagner, Appellant, v. Illinois Central Railroad Company, a Corporation, Appellee.

Gen. No. 46,555.

First District, Third Division.

September 21, 1955.

Released for publication November 23, 1955.

Louis G. Davidson, of Chicago, for appellant; Louis P. Miller, of Chicago, of counsel.

Herbert J. Deany, Charles I. Hopkins, Jr., and Robert S. Kirby, all of Chicago, for appellee; Joseph H. Wright, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal by plaintiff from a judgment for $80,000 in his favor.

Plaintiff was a conductor employed by defendant in December 1951, when he was injured in an interstate train movement in Kentucky. He sued for damages under the Federal Employers' Liability Act. The first trial in February 1952 resulted in a verdict and judgment for $130,000. The trial judge granted a new trial on the ground of error in the instructions. The second trial in February 1954 resulted in the verdict and judgment for $80,000 subject of this appeal.

In the instant trial the court gave on behalf of defendant instruction number 11 which told the jury "that any award made to plaintiff as damages . . . is not subject to federal income taxes, and you should not consider such taxes in fixing the amount of any

award made to the plaintiff. . . ." The question is whether this was reversible error.

The court gave the instruction on the authority of Hall v. Chicago & N. W. Ry. Co., 349 Ill. App. 175. That decision gave approval to arguments and instructions informing the jury that judgments are exempt from federal income tax and reversed an order granting a new trial. On defendant's subsequent appeal from the judgment on the verdict, this court reversed. Plaintiff appealed to the Supreme Court which reversed the decision of this court, 5 Ill.2d 135, 152 and decided that "the incident of taxation is not a proper factor for a jury's consideration, imparted either by oral argument or written instruction. It introduces an extraneous subject, giving rise to conjecture and speculation." The Supreme Court said "so long as that possibility" existed that the jury used the income tax factor in its calculation the court could not say the trial court abused its discretion in granting a new trial. The trial court in the instant case denied plaintiff's motion for a new trial before the Supreme Court decided the Hall case.

■ Here the question in the case is different from that in the Hall case since the court denied a new trial to plaintiff. We think, however, the plainly inferable rule from the Supreme Court decision is that introducing the tax question into a suit for personal injuries is prejudicial error if that question possibly entered into the calculation of the jury's award. We think from a comparison of the verdicts in the first and second trials, it is possible that question was a factor and we conclude, therefore, that the giving of defendant's instruction 11 was reversible error. On this basis alone we are compelled to reverse.

■ Instructions were given at the trial referring to "the issues" (pl's. inst. 9) to the "negligence charged" (def's. inst. 5) and to impeachment on a "ma-

terial point" (def's. inst. 23). There was no foundation for these since no instruction defining the issues was given. In Warnes v. Champaign County Seed Co., 5 Ill. App.2d 151 the Appellate Court for the Third District suggests an instruction proper for this purpose. We think also that neither instruction 16 nor 18 should have been given.

For the prejudicial error in giving defendant's instruction 11 the judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

LEWE, P. J. and FEINBERG, J., concur.