Claude W. COMBS, Plaintiff,

v.

CHICAGO, ST. PAUL, MINNEAPOLIS AND OMAHA RAILWAY COMPANY, a Corporation, Defendant.

Civ. No. 861.

United States District Court
N. D. Iowa, W. D.
Nov. 28, 1955.

Raymond Whitmer, Marvin J. Klass, Sioux City, Iowa, for plaintiff.

Harry H. Miller, Frank Jacobs, Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

The plaintiff was a grain inspector in the employ of the Sioux City Grain Exchange. While in the railroad yards of the defendant at Sioux City, Iowa, in connection with his duties as such inspector, he sustained serious injuries as the result of a switching operation. He brought this action against the defendant alleging that his injuries were caused by the negligence of the defendant. The jury returned a substantial verdict in his favor. The defendant filed a motion for a new trial setting forth a number of grounds. One of the grounds is the refusal of the Court to give an instruction requested by it. The defendant made proper and timely request that the jury be instructed that any allowance of damages to the plaintiff would not be subject to income taxes. Iowa has a state income tax and it was the intent of the defendant that the instruction cover both state and federal income taxes. That request was refused.

The plaintiff received a monthly salary as grain inspector. He was unable to work for some period of time following his injuries. Because of his injuries, he has been unable to resume work as a grain inspector. At the time of the trial he was in the employ of the Sioux City Grain Exchange but not as a grain inspector.

There is not involved in the present case the question as to whether in making an award for future impairment of earning capacity of a plaintiff there should be taken into consideration the taxes that would have been imposed upon his earnings if he had been able to continue his occupation or vocation. The Courts seem well agreed that the future tax liability is subject to too many variables to be a matter of consideration in an award for future impairment of earning capacity. See annotation to Billingham v. Hughes, English Court of Appeal, [1949] 1 K.B. 643, 9 A.L.R.2d 311. See also Chicago & N. W. Ry. Co. v. Curl, 8 Cir., 1949, 178 F.2d 497, 502, and Texas & N. O. R. Co. v. Pool, Tex. Civ.App.1953, 263 S.W.2d 582.

In the present case it is the view of the defendant that since any award of damages would be in the immediate present and since the status of such award as to nonliability is definite and certain and not the subject of conjecture and speculation that the jury should be so informed. It is also the view of the defendant that because of the emphasis placed on the tax consequences of transactions in view of the existing tax rates the jury might be under the impression that a substantial part of any award it made would be taken for income taxes.

Since the decision of the Missouri Supreme Court in the case of Dempsey v. Thompson, 1952, 363 Mo. 339, 251 S.W.2d 42, there have been increasing requests in actions for the recovery of damages for personal injuries for an instruction similar to that requested in the present case. In that case the plaintiff, a resident of Arkansas, brought an action in Missouri to recover for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. A verdict was returned in his favor which on appeal was affirmed. The pertinent contentions of the defendant on that appeal are stated as follows, 251 S.W.2d at page 43:

"Defendant contends (1) that the trial court erred in refusing to permit defendant to inquire of plaintiff's witness, an actuary, if the witness knew there is no income tax on awards for personal injury; in refusing defendant's request for an instruction informing the jury

that no income tax could be assessed upon an award for personal injury, and that nothing should be included in the jury's verdict 'for Federal, State or City taxation'; and in refusing to permit counsel for defendant to state in his argument to the jury that the amount of any award to plaintiff would not be subject to income tax; (2) that any award for future earnings lost to plaintiff should be based on net earnings after deduction for income taxes; * * *."

The Missouri Supreme Court had previously held in Hilton v. Thompson, 1950, 360 Mo. 177, 227 S.W.2d 675, that it was not error on the part of the trial Court to refuse to give the defendant's proffered instruction directing the jury to include nothing for federal, state or city taxes. In the case of Dempsey v. Thompson, supra, that Court reconsidered that holding. In this latter case the Court stated, 251 S.W.2d at page 44:

"The amount of damages received whether by action or by agreement on account of injuries is expressly excluded, and is exempt from income tax by the Internal Revenue Code, 26 U.S.C.A. § 22(b) (5); and by the Income Tax Act of Arkansas, Section 14031(2) (f), Pope's Digest, Statutes of Arkansas, 1937. There can be no doubt that any money which plaintiff, a resident of Arkansas, may receive as an award in this action will not be subject to income tax. It is also true that, had plaintiff not been injured, his future earnings would have been subject to income taxes, although the impact thereof could by no means be accurately measured, being variable by law, by amount of other taxable income and by possible change of family or exemption status."

The Court after discussing a number of cases stated, 251 S.W.2d at page 45:

"The effect of these cases is that, as a matter of necessity, the general rule that an award of damages for loss of future earnings should be

based strictly on actual pecuniary loss cannot be rigidly adhered to insofar as it may be impossible to compute with reasonable accuracy the amount of income tax liability that may attach thereto. We think they are soundly ruled and that the trial court did not err either in refusing to permit defendant to cross examine plaintiff's actuarial witness relative to income tax liability or in refusing to permit defendant to argue to the jury that in arriving at the amount of its award it should consider only the amount of future earnings lost to plaintiff after deduction of income taxes for which he would have been liable had he continued his employment without injury. But it does not follow that defendant was not entitled to have the jury instructed that any amount awarded plaintiff was not subject to Federal or (Arkansas) State income tax.

"Present economic conditions are such that most citizens, most jurors, are not only conscious of, but acutely sensitive to, the impact of income taxes. Under the Federal and State income tax laws of both Arkansas and Missouri the net income of all persons is taxable except such as is specifically exempted. Few persons, other than those who have had special occasion to learn otherwise, have any knowledge of the exemption involved in this case. It is reasonable to assume the average juror would believe the award involved in this case to be subject to such taxes. It seems clear, therefore, that in order to avoid any harm such a misconception could bring about, it would be competent and desirable to instruct the jury that an award of damages for personal injuries is not subject to Federal or State income taxes. The instruction could be in substantially this form: 'You are instructed that any award made to plaintiff as damages in this case, if any award is made, is not subject

to Federal or State income taxes, and you should not consider such taxes in fixing the amount of any award made plaintiff, if any you make.'

"Can there be any sound reason for not so instructing the jury? We can think of none. Surely, the plaintiff has no right to receive an enhanced award due to a possible and, we think, probable misconception on the part of a jury that the amount allowed by it will be reduced by income taxes. Such an instruction would at once and for all purposes take the subject of income taxes out of the case.

"We are now convinced and hold that an instruction substantially in the form above outlined should have been given in this case, and that the case of Hilton v. Thompson, 360 Mo. 177, 227 S.W.2d 675, insofar as it is in conflict with the ruling here made, should no longer be followed."

The Court held that its ruling should be prospective only and did not reverse the judgment in favor of the plaintiff.

In the case of Texas & N. O. R. Co. v. Pool, Tex.Civ.App.1953, 263 S.W.2d 582, at page 592, the Court stated by way of dictum that it was in accord with the view of the Missouri Supreme Court in Dempsey v. Thompson, supra, that the defendant was entitled upon request to an instruction that any amount awarded the plaintiff would not be subject to federal income tax. However, in the case of Missouri-Kansas-Texas Railroad Co. v. McFerrin, Tex.Civ.App.Austin, 1955, 279 S.W.2d 410, the Court refused to follow Dempsey v. Thompson. That Court in regard to the giving of the instruction in question stated, 279 S.W.2d at page 419:

"It assumes that the jury will not confine itself to the evidence nor the court's charge but will consider and take into account matters not mentioned therein. This is to assume that there will be misconduct on the part of the jury, an

assumption in which we cannot indulge. * * *

"There was no necessity for the jury to be informed regarding the income tax law in order to properly answer the damage issues and we believe there was no error in refusing to give the requested charge."

The holding of the Missouri Supreme Court in the case of Dempsey v. Thompson, supra, received temporary support in the case of Hall v. Chicago & N. W. Ry. Co., First Dist., First Div.1953, 349 Ill.App. 175, 110 N.E.2d 654. In that case the plaintiff brought an action to recover for personal injuries under the Federal Employers' Liability Act. The attorney for the defendant in his argument to the jury stated that any amount recovered by the plaintiff would not be subject to federal income tax. The attorney for the plaintiff objected to the statement and the trial Court instructed the jury to disregard it. The jury returned a verdict for $50,000 in favor of the plaintiff. The plaintiff made a motion for a new trial. The trial Court sustained the motion on the ground that the statement of the defendant's attorney constituted prejudicial error. On appeal to the Appellate Court that Court reversed the action of the trial Court in granting a new trial. The Court stated, 110 N.E.2d at page 659:

"Plaintiff further argues that it 'distorts the intent of the law' to remind the jury that there is no tax on the amount awarded by verdict. It is difficult to perceive how the law is distorted by advising the jury of a simple and concise provision of a statute. Such procedure is not uncommon in the trial of cases; statutes and ordinances are frequently set forth, when applicable, for the enlightenment of the jury. In death cases the statute provides that 'the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such

deceased person, not exceeding * * * $20,000', Ill.Rev.Stat.1951, ch. 70, par. 2, and juries are so informed. On the other hand, it is common practice, in the trial of injury cases, for plaintiff to urge the jury to consider the depreciation of the dollar in arriving at the amount of damages to be assessed. By the same token, why should it not be proper for defendant to remind the jury that their award is not subject to a Federal income tax. Lastly, it is argued that, pending an appeal, the income tax provision might be changed so that by the time the plaintiff receives his money it would be taxable. This is purely speculative, and there is no basis in the record for it."

The Court referred to the case of Dempsey v. Thompson, supra, and then stated, 110 N.E.2d at pages 660, 661:

"We consider the Dempsey case as well reasoned and precisely in point. Since counsel's remark about income tax in this proceeding was a correct statement of law, we perceive no reason why it should be held to be improper, illegal or prejudicial. Why should the truth be withheld from the jury; why should they be allowed to speculate as to whether their award would be subject to income tax? In reaching their verdict, the jury are fixing an amount which, when received by plaintiff, will be adequate compensation for the specific injuries suffered by him, including loss of earnings, pain and suffering, physical disability, and the nature, extent and permanence of the injuries, at the same time taking into consideration, as they may in Federal liability employment actions, mitigation of damages on account of plaintiff's contributory negligence. In reaching their decision, the jury in all likelihood will consider how much of an award the plaintiff will actually get net, not an amount from which income taxes will have to be deducted. If the jury determine that $50,000 is the correct amount, they will presumably award that sum if they feel there will be no income tax; on the other hand, if they believe there is to be an income tax paid on that amount under the law, they will award a much larger sum in the hope that after the tax has been paid, plaintiff will still be able to retain $50,000. In the circumstances, the jury are entitled to be reminded, or informed, of these facts. * * * It is a fair inference that if juries are allowed to speculate on whether or not their award is subject to federal income tax, as they undoubtedly do, with the probable misconception on their part that the amount awarded will be so reduced, much larger verdicts will frequently result. The injured party should not be entitled to an additional amount for tax obligation which does not exist, in fact or in law. Informing the jury correctly on the subject would, as the court commented in the Dempsey case, 'at once and for all purposes take the subject of income taxes out of the case', and that is as it should be.

"On oral argument the court and counsel discussed the propriety of an instruction such as was suggested in the Dempsey case. Plaintiff, in an added memorandum, argues that since no instruction on income taxes was tendered or given, this question cannot here be decided, and that under the circumstances defendant was precluded from reminding the jury that there was no income tax on the amount awarded by verdict. The Dempsey case holds that not only is it proper, but desirable, to have the jury instructed as to the provision of the Federal Revenue Code. Because of the importance of the question, we have no hesitancy in holding that if it is proper for the court to so instruct the jury, as we think it is, it

logically follows that it is proper for counsel to remind the jury of the law, regardless of whether an instruction is given by the court."

The case was ultimately reviewed by the Supreme Court of Illinois. Hall v. Chicago & North Western Ry. Co., 1955, 5 Ill.2d 135, 125 N.E.2d 77. That Court upheld the action of the trial Court in granting a new trial and reversed the contrary holding of the Appellate Court. The Supreme Court of Illinois stated, 125 N.E.2d at pages 85, 86:

"* * * It may be conceded that the possibility of harm exists if the jury is left uninformed on this matter; on the other hand, it is conceivable that the plaintiff could be prejudiced if they were told of this law. In either case, however, the possibility is speculative and conjectural, and such being the case, it is better to instruct the jury on the proper measure of damage and then rely on the presumption that they will properly fulfill their duty by following said instructions.

"It does not necessarily follow that the argument is proper because it correctly states the law. For if the defendant's argument is proper on the basis that it tells the jury what the law is then what objection can there be for plaintiff's counsel to state that the expense of trial is not provided for in the instruction concerning damages, that the cost of medical witnesses is not paid by the defendant, that the expense of taking depositions, as well as court reporting at the trial, must be borne by the individual litigants, that the fees of plaintiff's attorney are not recognized as an element, that the defendant can deduct any award it pays from its income and excess profits tax return and that the amounts of awards are allowed as expenses in providing for increasing railroad fares? This could be developed *ad infinitum,* and all this is the law."

That Court further stated as follows, 125 N.E.2d at page 86:

"We are of the opinion that the incident of taxation is not a proper factor for a jury's consideration, imparted either by oral argument or written instruction. It introduces an extraneous subject, giving rise to conjecture and speculation."

In the case of Margevich v. Chicago & N. W. Ry. Co., First Dist., Third Div. 1953, 1 Ill.App.2d 162, 116 N.E.2d 914, 918, the plaintiff recovered a verdict in an action brought under the Federal Employers' Liability Act. The defendant requested the following instruction (No. 22):

"'You are instructed that under the present provisions of the Internal Revenue Code of the United States any amount paid plaintiff by defendant under a verdict of this jury is exempt from the payment of federal income taxes for the year of receipt of said amount, although the amount of any dividends, interest, gain, profits or income derived from any such amount paid plaintiff by defendant under a verdict of this jury would not be exempt from the payment of federal income taxes.'"

In regard to that requested instruction, the Court stated, 116 N.E.2d at page 918:

"In support of its claim defendant relies on Dempsey v. Thompson, [363 Mo. 339] 251 S.W.2d 42, and Hall v. Chicago & N. W. Ry. Co., 349 Ill.App. 175, 110 N.E.2d 654. In the Hall case this Court reversed an order of the trial court granting plaintiff a new trial because the defendant in argument told the jury that whatever plaintiff received by way of verdict was not subject to income tax. That case is not authority for the reversal of a judgment for the failure of a trial court to give this cautionary, Dempsey v. Thompson, instruction.

"We infer from a study of the Dempsey case that the refused in-

struction there did not contain the words following the word 'although' in the instant instruction. The instruction in that case and this are not the same, and the question before us is therefore different.

"Plaintiff in that case argued that if the jury should be instructed as to the tax exemption it should also be instructed that dividends, etc., derived from investment of the award, would not be exempt. The Missouri Court said that any reference to the tax liability of future income realized from the investment of the award 'would tend to confuse and distract the jury and lead it into speculating on the amount thereof.' (251 S.W.2d 46.)

"We see no merit in the claim with reference to Instruction No. 22. The instruction was bad for the reason given by the Missouri Court in striking down the contention made there by plaintiff and referred to in the preceding paragraph. The trial court was justified in refusing to give instruction No. 22. It is not necessary, therefore, for us to decide the question of the propriety of instructing the jury with reference to tax exemption of personal injury verdicts."

In the recent case of Maus v. New York, Chicago & St. Louis Railroad Co., Ohio App.1955, 128 N.E.2d 166, the plaintiff recovered a verdict for personal injuries under the Federal Employers' Liability Act. The trial Court refused to give the following requested instruction:

" 'I charge you as a matter of law that by virtue of the Internal Revenue Act of 1954, any amount received by the plaintiff as compensation for personal injuries is exempt from Federal Income taxation, and you must take this fact in consideration in arriving at the amount of your verdict in this case.' "

On appeal the Court of Appeals upheld the action of the trial Court. The Court of Appeals stated, 128 N.E.2d at page 167:

"To permit an instruction, as requested herein, there should be an inquiry as to the amount allowed for actual loss of wages plus probable future loss of earnings, for, as to those matters, the injured person, if he had not been injured and had he continued to work, would have paid income taxes on all of his earnings. On the amount awarded for pain, suffering and mental anguish, no reasonable person would expect to pay or be assessed for income taxes.

"The result of several such inquiries would so complicate the trial of a personal injury action into an intricate discussion of tax and nontax liabilities, and so confuse the ordinary jury with technical tax questions as to defeat the purpose of a trial."

Neither the Iowa Supreme Court nor the United States Court of Appeals for this Circuit has passed upon the question here involved. The arguments for and against the giving of such an instruction are fully and adequately stated in the quotations from the opinions heretofore set forth.

In the present case the plaintiff, among other items of damages, sought recovery for past loss of earnings. The plaintiff suggested that there might be uncertainty as to whether or not a recovery for past loss of earnings was subject to income tax and that such uncertainty constituted an additional ground for refusing the requested instruction. It was suggested by the plaintiff that in an action for personal injuries where the plaintiff had been earning a fixed salary and the feature of payments from collateral sources is not involved, the item of loss of earnings is merely a matter of computation and in such a situation there is possibility of income tax liability.

Section 104 of 26 U.S.C.A., which is Section 104 of the Internal Revenue Code of 1954, provides that there shall be excluded from gross income for federal income tax purposes "the amount of any damages received (whether by suit

or agreement) on account of personal injuries or sickness." Section 422.8, subd. e, of the Iowa Income Tax Act contains a similar provision. Section 422.8, subd. e, I.C.A. There are no federal or Iowa decisions, rulings or regulations indicating that a recovery for past loss of earnings, even though only a matter of computation, is includable in gross income for income tax purposes. It is the view of the Court that the contention of the defendant that it is definite and certain that no part of the recovery in this action is subject to income taxes is correct.

■ The Missouri Supreme Court in the case of Dempsey v. Thompson, supra, regarded the instruction as to income tax liability as being cautionary in character. Cautionary instructions are as a rule regarded as being within the discretion of the trial judge, the theory being that the trial judge is in the legal front line trenches, so to speak, and is in the best position to judge whether in a particular situation a certain cautionary instruction should or should not be given. However, the holdings referred to do not indicate that the giving or refusing of such an instruction is discretionary with the trial judge.[1]

■ In final analysis, it would seem that the matter of the giving of an instruction such as that requested in the present case should be determined from the viewpoint of judicial administration. A greater number of the Courts are apparently of the view that the giving of such an instruction would not in general be in the interest of better judicial administration in that the injection of the question of income tax liability into jury cases would probably give rise to more problems than it would solve. This Court is in accord with that view.

An order will be entered overruling the motion of the defendant for a new trial.

[1]. In the case of Wagner v. Illinois Central Railroad Co., 1955, 7 Ill.App.2d 445, 129 N.E.2d 771, which was published subsequent to the filing of this opinion, it was held reversible error to give such an instruction.