Gerald M. ANDERSON, as Administrator
of the Estate of Carl J. Snyder,
Deceased, Plaintiff,

v.

UNITED AIR LINES, INC., a corporation,
and Trans World Air Lines, Inc., a
corporation, Defendants.

Civ. No. 777–57.

United States District Court
S. D. California,
Central Division.

May 5, 1960.

Edgar C. Howbert, R. William Rogers, Detroit, Mich., and Bodkin, Breslin & Luddy, by Henry G. Bodkin, Jr., Los Angeles, Cal., for plaintiff Anderson.

Betts, Ely & Loomis, by Forrest A. Betts, Los Angeles, Cal., for defendant United Air Lines, Inc.

Crider, Tilson & Ruppe, by Elber H. Tilson, Los Angeles, Cal., for defendant Trans World Air Lines, Inc.

TOLIN, District Judge.

■■■ With regard to informing counsel of its action concerning proposed instruction, the court has discharged its obligation under F.R.Civ.P. 51, 28 U.S.C.A. with the exception of a ruling upon the propriety of defendants' Requested Instruction No. 65 which reads as follows:

"You are instructed as a matter of law, that any award made to the plaintiff in this case is not income to the plaintiff within the meaning of the Federal Income Tax Law. Plaintiff is entitled to an award of damages. You are to follow the instructions already given by this court in measuring those damages and in no event should you either add to or subtract from that award on account of Federal income taxes."

This Memorandum is written to inform counsel of the court's intention to give the requested instruction. It is a cautionary instruction with information[1] which can do no harm and will foreclose an area which a jury might conceivably enter unless directly forbidden by an instruction. That the giving of such an

---

[1] Damages awarded to the plaintiff in an action for wrongful death are not includable in the gross income of the recipient.

Int.Rev.Code of 1954, § 104(a) (2), 26 U.S.C.A. § 104(a) (2); Rev.Rul. 19, 1954–1 Cum.Bull. 179.

instruction is discretionary appears from many cases.[2]

The great majority of reported cases on this subject have arisen as a result of the refusal of trial courts to give such instructions. It is generally held that the trial court, acting within its discretion, may decline to give it.

The commonly advanced legalistic argument against instructions on the exempt nature of damages notes that the jury has already been fully instructed on how to compute their award. Therefore, it is said, further instruction is unnecessary, since it must be assumed that the jury will strictly follow the law as it is given them. In fact, however, plaintiffs' attorneys oppose charges of this type because of a fear that the information so imparted will influence the jury to hold down the amount of their verdict.

The California case cited in Footnote 2 indicates that the giving of the instruction would have been proper. The instruction has not been without approval by reviewing courts. An example of this favorable comment is:

"Can there be any sound reason for not so instructing the jury? We can think of none. Surely, the plaintiff has no right to receive an enhanced award due to a possible and, we think, probable misconception on the part of the jury that the amount allowed by it will be reduced by income taxes. Such an instruction would at once and for all purposes take the subject of income taxes out of the case."[3]

In addition, several commentators have discussed the desirability of giving the instruction.[4]

Some of the elements of the climate in which this case is being tried suggest the particular propriety of the instruction in this case. The action is one for wrongful death. Liability was fixed at an earlier trial, the present trial being for damages only. Decedent was a Vice-President of Chrysler Corporation with an annual salary of $115,000. The case, therefore, deals with a legitimate demand for a sizeable judgment. The case will reach the jury shortly after the close of the income tax filing period. The experience of current payment of taxes will still be fresh in the minds of the jurors.

■ The weight of authority indicates that it is a matter of discretion whether to give the instruction. No good reason for not giving it has been suggested. The reasons given by the cited writers who have commented upon the merits of the subject are good. The court is aware of only one reported appellate court decision which directly holds that it is error to give such an instruction.[5] The court so holding felt that the decision in Hall v. Chicago & N. W. Ry.[6] required the reversal. Examination of the Hall case, however, shows only that the trial court did not abuse its discretion by granting a new trial because defense counsel mentioned the non-taxability of damages in his argument to the jury. There can be a vast difference between argument of counsel and the charge by an impartial judge. The jury will be so instructed.

2. Atherley v. MacDonald, Young and Nelson, Inc., 1956, 142 Cal.App.2d 575, 298 P.2d 700; New York Central Railroad Company v. Delich, 6 Cir., 1958, 252 F. 2d 522; Combs v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., D.C.N.D.Iowa 1955, 135 F.Supp. 750; Mitchell v. Emblade, 1956, 80 Ariz. 398, 298 P.2d 1034; annotation, 63 A.L.R.2d 1393 (1959).

3. Dempsey v. Thompson, 1952, 363 Mo. 339, 251 S.W.2d 42, 45.

4. 2 Harper and James, Torts § 25.12 (1956); Nordstram, Income Taxes and Personal Injury Awards, 19 Ohio St.L.J. 212 (1958); Morris, 3 Defense L.J. 3 (1958); note, 4 U.C.L.A.L.Rev. 636 (1957).

5. Wagner v. Illinois Central R. R. Co., 1955, 7 Ill.App.2d 445, 129 N.E.2d 771.

6. 1955, 5 Ill.2d 135, 125 N.E.2d 77, 50 A.L.R.2d 661.