CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Plaintiff in Error,

v.

Nick KINSEY, Defendant in Error.

No. 39631.

Supreme Court of Oklahoma.

June 19, 1962.

**864**

Robert E. Shelton, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiff in error.

Rinehart, Rinehart & Rinehart, El Reno, Ratner, Mattox & Ratner, Wichita, Kan., for defendant in error.

HALLEY, Justice.

This is an action brought by Nick Kinsey against Chicago, Rock Island & Pacific Railroad Company arising under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.).

After trial to a jury, a verdict in the amount of $24,100.00 was returned. This was approved by the trial court and judgment entered thereon. Defendant filed a motion for new trial which was overruled, and defendant appeals.

Plaintiff had been employed for several years by defendant as a brakeman when on August 3, 1959, he was injured. He was a crewman on a freight train which developed a hot box on one of the cars. Plaintiff, as part of his duties, uncoupled the car on a siding, removed the packing from the hot box with a packing hook, and recoupled the train. He was then supposed to board the caboose as the train pulled forward. Another part of his duties required that he inspect the train as it pulled by him. He had the packing hook in his left hand and attempted to step onto the ca-

boose step and hold to the grab iron with his right hand, but he fell and rolled, thereby receiving the personal injuries to be hereafter described.

Defendant made many assignments of error, some of which are deemed abandoned since they are not argued in the brief. Those, which are argued, are under four propositions.

■ Defendant first claims that the trial court should have sustained its demurrer to plaintiff's evidence or its motion for directed verdict because plaintiff failed to prove actionable negligence. As we have said many times, if a defendant presents its evidence, it waives the error, if any, in the overruling of its demurrer to the evidence; and this proposition of claimed error must be limited to reviewing the ruling on the motion for directed verdict and thereby to an examination of all the evidence presented at the trial in order to see whether there was sufficient evidence to warrant submission of the case to the jury. Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415; Chickasha Cotton Oil Company v. Hancock, Okl., 306 P.2d 330; Mulkey v. Morris, Okl., 313 P. 2d 494.

As the train pulled forward and past the plaintiff, the acting engineer (hereafter called the engineer) was in the engine at the front of the train which was going around a curve. The engineer, who had control of the throttle and the brakes, was not in a position to see plaintiff. The train conductor, who was riding in the cupola of the caboose, could and did see plaintiff. The train was equipped with radio contact between the conductor and engineer. As the caboose reached a point five car lengths from where plaintiff was standing, the conductor advised the engineer by radio of plaintiff's relative location. The engineer testified that he then cut off the throttle and applied the engine brakes. The conductor, after observing plaintiff fall when attempting to board the caboose, advised the engineer to stop. The engineer then applied the train brakes (the brakes on every car) and the train stopped within six or seven car lengths.

Defendant in its brief states that plaintiff "was in complete charge of the speed of the train at the time the accident happened" and the "speed of the train, under the circumstances of this case, if considered as negligence at all, would be the negligence not of the railroad but of the plaintiff himself." We do not agree with such reasoning. The record does not bear out defendant's statement that plaintiff was in charge of the train's speed; and even if it be assumed that he was, he could have done no more than signal the conductor who would in turn notify the engineer. The conductor did notify the engineer and the engineer did that which he thought should have been done. However, as shown by the evidence, the engineer did not apply all the brakes he could have applied in order to slow the train to a safe speed prior to the time plaintiff attempted to board.

■ Defendant cites in support of this proposition the cases of Wright v. Atchison, T. & S. F. Ry. Co., 170 Okl. 48, 38 P.2d 517; Early v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okl. 100, 101 P.2d 249; Kansas City Southern Ry. Co. v. Self, 92 Okl. 210, 218 P. 833; Kansas, Oklahoma & Gulf Ry. Co. v. McAnally, 208 Okl. 497, 257 P. 2d 271; and Baird v. New York Central Railroad Co., 2 Cir., 242 F.2d 383. None of these cases are in point on the facts. The applicable rule is set out in 56 C.J.S. Master & Servant § 261b, p. 1018, as follows:

"When trainmen in charge of a freight train know it to be the duty of an employee to board the train while in motion, they must run it at a speed which will enable him to board it with reasonable safety; * * *."

See in support of this rule the cases of Washington & O. D. Ry. Co. v. McPherson, 58 App.D.C. 211, 26 F.2d 989, cert. denied 278 U.S. 610, 49 S.Ct. 13, 73 L.Ed. 535; Chesapeake & O. R. Co. v. DeAtley, 241 U.S. 310, 36 S.Ct. 564, 60 L.Ed. 1016;

and Erie R. Co. v. Regan, 2 Cir., 297 F. 435, cert. denied 266 U.S. 604, 45 S.Ct. 91, 69 L.Ed. 463.

The testimony in the instant case showed that the conductor knew that plaintiff had the packing hook in one hand and estimated that a safe speed to board the train under such conditions would be four or five miles per hour. The reasonable inference from this testimony is that operating a train at a speed in excess of four or five miles per hour under these circumstances is some evidence of negligence on the part of the railroad. He estimated the speed of the train when plaintiff attempted to board at between 12 and 15 miles per hour. Plaintiff estimated the speed at 15 miles per hour. The engineer estimated it at 10 or 11 miles per hour. Under such circumstances the question of whether the defendant was guilty of negligence was for the jury. The jury was warranted in concluding that such negligence was either the sole or concurring cause of the injury. We held in Kansas City Southern Railway Company v. Norwood, Okl., 367 P.2d 722:

> "In order for employee, who is injured while working in interstate commerce, to recover from railroad for injuries in action under Federal Employers' Liability Act, it is only necessary for him to prove that his injury resulted in whole or in part from negligence of railroad, and that such negligence was either the sole or concurring cause of the injury. Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq."

See also Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415 and Missouri-Kansas-Texas Railroad Company v. Brown, Okl., 348 P.2d 1069. It therefore follows that the trial court did not err in permitting the jury to pass upon the question of whether the defendant was guilty of negligence.

Defendant's next argument is under the proposition:

> "Misconceptions of the jury in its deliberations resulting in a miscalculation of the damages from the evidence, resulting in an excessive verdict."

The defendant cites no cases to support this proposition and we are unable to agree with defendant's conclusion that the verdict was excessive. Plaintiff testified concerning the various injuries he received to his right knee, left knee and elbow, and a small place on his back.

At the time of trial (approximately fifteen months after the injury) he had recovered from all injuries except to his right knee. Because of that injury he was unable to work for a period of 14 months. His rate of pay had been $6,100 per year. He had suffered pain from the date of the accident until trial. He had undergone an operation on the knee. He spent 8 days in the hospital which he described as "the roughest part of my life I ever spent." Although he had been back at his job for a month at the time of trial, he stated that he has been unable to do the work as well as before. After each day of such work his knee becomes swollen and in pain, and he is sometimes unable to sleep because of it. A physician called as plaintiff's witness testified that plaintiff has permanent disability in the knee joint. Defendant called as a witness the physician who performed the operation. He, too, stated that plaintiff has some permanent disability. Plaintiff at the time of the accident was 50 years of age. Defendant does not make an affirmative showing of improper evidence or conduct on the part of plaintiff and we are unable to say that the size of the verdict is such that it can be said to be the result of bias, prejudice or passion. We believe the verdict as approved by the trial court is supported by competent proof of detriment. Heavy Haulers v. Jones, Okl., 304 P.2d 292; Oklahoma Ry. Co. v. Wilson, 204 Okl. 90, 227 P.2d 392.

Defendant next claims error of the trial court in refusing to declare a mistrial or to grant a new trial because of misconduct of plaintiff's counsel. In connection with this defendant quotes from the record several questions propounded by

plaintiff's counsel to various witnesses. As to all such questions but one, defendant's objections were sustained. These questions in themselves were not sufficient to prejudice defendant. The only question by plaintiff's attorney which defendant cites in his brief, to which objection was overruled, was as follows:

"Q. Do you happen to know, Mr. Kinsey, if they would have one of those investigations if you started throwing those packing hooks away before you got on a train?

"Mr. Shelton: We object to that as prejudicial and move for a mistrial for the reason that counsel is injecting things into this lawsuit that haven't got anything to do with it. It is an effort to prejudice the jury against the railroad.

"The Court: Overruled.

"Mr. Ratner: I believe that is all."

As may be seen, the question was never answered. A primary issue in the case, as we pointed out above, was whether the speed at which the train was being operated was excessive where the conductor knew that plaintiff would have but one hand free when he attempted to board the caboose, because he held the packing hook in his other hand. When the question was asked, defendant's counsel had just finished cross-examining plaintiff concerning statements he had made at a railroad investigation. Other testimony showed that one of the defendant's rules was the following:

"Property of the railroad, including the freight and articles of value, found in and on cars, on the right-of-way, must be cared for and properly reported and not in any way destroyed or removed from the company premises or right-of-way without first securing proper authority."

One of plaintiff's allegations of negligence in his petition was that defendant "failed to provide a sufficient number of packing hooks that plaintiff could throw the hook away and not have to take it back on board

the train." For all of these reasons, we believe that the question was relevant and properly within the issues. Republic National Life Insurance Co. v. Johnson, Okl., 317 P.2d 258; Price v. Rogers, 201 Okl. 678, 209 P.2d 683.

Defendant's final proposition claims error of the trial court in refusing to give to the jury certain of defendant's requested instructions. We have examined the instructions given by the trial court and find that they reasonably covered defendant's theory of the case and fairly presented the case to the jury. J. C. Penney Company v. Campbell, Okl., 325 P.2d 1056. Nevertheless we do feel that it is necessary to single out one of defendant's requested instructions for special mention. That one is:

"You are instructed that any money recovered herein as damages by the plaintiff is not subject to income tax."

Defendant states that such an instruction is supported by the cases of Dempsey v. Thompson, 363 Mo. 339, 251 S.W.2d 42; Floyd v. Fruit Industries, 144 Conn. 659, 136 A.2d 918, 63 A.L.R.2d 1378; O'Connor v. United States, 2 Cir., 269 F.2d 578; and Anderson v. United Air Lines, Inc., D.C., 183 F.Supp. 97. There is an annotation on this subject in 63 A.L.R.2d 1393. The courts are divided on the question but the annotator says (at p. 1408):

"The more general opinion appears to be that the incidence of income tax as it relates to such damages should not be mentioned at all in the instructions to the jury, nor in argument of counsel."

The defendant in its brief states that a jury may conclude that plaintiff would be required to pay income taxes on the money he receives as damages. Such argument was answered by the Texas Court of Civil Appeals, in Missouri-Kansas-Texas R. Co. of Texas v. McFerrin, Tex.Civ.App., 279 S.W.2d 410, (reversed on other grounds, 156 Tex. 69, 291 S.W.2d 931):

"* * * It assumes that the jury will not confine itself to the evidence

nor the court's charge but will consider and take into account matters not mentioned therein. This is to assume that there will be misconduct on the part of the jury, an assumption in which we cannot indulge."

Recently the Kansas Supreme Court has adopted the majority view in an able and exhaustive opinion found in Spencer v. Martin K. Eby Construction Company, 186 Kan. 345, 350 P.2d 18.

We hold, in accord with the majority of jurisdictions that have considered this question, that the trial court did not err in refusing to give defendant's requested instruction.

The judgment is affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.