Thomas R. ALTEMUS and Naomi Altemus, his wife, Plaintiffs,

v.

The PENNSYLVANIA RAILROAD COMPANY, and Gulf Oil Corporation, corporations of the State of Pennsylvania, Defendants.

James K. ORRELL, Jr., Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania corporation, Defendant.

Civ. A. Nos. 2414, 2430.

United States District Court
D. Delaware.
Jan. 17, 1963.

See also D.C., 210 F.Supp. 834.

James P. D'Angelo, Wilmington, Del., and Charles A. Lord of Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., for Thomas R. Altemus and Naomi Altemus.

C. W. Berl, Jr., of Berl, Potter & Anderson, Wilmington, Del., for Pennsylvania R. Co.

William F. Taylor of Morford, Young & Conaway, Wilmington, Del., for Gulf Oil Corp. and James K. Orrell, Jr.

LAYTON, District Judge.

On January 4, 1963, this Court peremptorily entered an order denying defendant's motion for new trial without brief or argument. Defendant has filed a motion for reconsideration. The motion for reconsideration, or reargument, will be denied for the reasons briefly to be set forth.

■ At the end of the trial, the defendant requested, among others, the following prayer:

"When you have arrived at the amount of your verdict, you are instructed that you should not add any sum of money to it on account of federal or state income taxes since, as a matter of law, I charge you that the amount of your verdict is not income to plaintiffs within the meaning of either the federal or state tax laws."

This prayer was not included in the charge to the jury. When defendant's counsel was asked whether or not he had any exceptions, he replied as follows:

"MR. BERL: Just one [exception], Your Honor, with respect to the charge on Orrell's future medical expenses, I believe there was testimony to the effect that he would not be cured right away. I don't believe there was any direct testimony as to what future medical services would be required, if any, so I except to Your Honor's charge that they might consider future medical expenses when none were proved."

Rule 51 of the Civil Rules insofar as pertinent notes:

"No party may assign as error the * * * failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Thus, it would seem that defendant, having taken no exception in accordance with Rule 51, is barred from asserting as a ground for motion for new trial the prayer in question.

However, counsel for the defendant makes the contention that no exception to the charge was necessary under Rule 51 because the only purpose of taking an exception is to notify the Court of the nature of the exception. He points out that there was a conference the day before the charge was delivered and the mere fact that he had submitted the prayer, followed by the Court's subsequent failure to include the prayer in its charge, brings the matter within the purview of U. S. v. General Motors Corp., 226 F.2d 745 (3rd Cir.1955). In that case, however, counsel had urged a prayer

upon the Court at a conference prior to the charge, the Court had denied the prayer and counsel had taken formal exception. The Court held it was not again necessary to take another exception after the charge had been delivered. In this case, counsel neither excepted at the conference at which the prayers were discussed with the Court nor did he subsequently except after the charge to the jury. Accordingly, this ground of argument must be dismissed.

■ In any event, the refusal to give the prayer was not error. The questioned prayer, or prayers very similar thereto, have been the subject of comment by a number of Courts. In every American case except one, the Courts have held either that the failure to grant such a prayer is not reversible error or, conversely, that the granting of such a prayer is reversible error. See Bracy v. Great Northern R. Co., 343 P.2d 848 (Mont.Sup.Ct.1959); Briggs v. Chicago Great Western R. Co., 248 Minn. 418, 80 N.W.2d 625 (1957); Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956); Maus v. N. Y., Chicago & St. Louis R. Co., 165 Ohio St. 281, 135 N.E.2d 253 (1956); Mitchell v. Emblade, 80 Ariz. 398, 298 P.2d 1034 (1956); Atlantic Coast Line R. Co. v. Brown, 93 Ga.App. 805, 92 S.E.2d 874 (1956); Atherly v. MacDonald, Young and Nelson, 298 P.2d 700 (Cal.Ct.App. 1956); Hall v. Chicago & North Western R. Co., 5 Ill.2d 135, 125 N.E.2d 77, 50 A.L.R.2d 661 (1955); Wagner v. Illinois Central R. Co., 7 Ill.App.2d 445, 129 N.E. 2d 771 (1955); Hardware Mutual Cas. Co. v. Harry Crow & Son, Inc., 6 Wis.2d 396, 94 N.W.2d 577 (1959); Highshew v. Kushto, 235 Ind. 505, 134 N.E.2d 55 (1956); Combs v. Chicago, St. Paul, Minneapolis and Omaha Ry. Co., 135 F.

Supp. 750 (N.D.Iowa 1955); McWeeney v. New York, N. H. and H. R. Co., 282 F.2d 34 (2d Cir.1960).[1]

In the light of the long line of authorities above cited, it must be concluded that the Court did not commit prejudicial error in denying this prayer for instructions and the defendant's motion is accordingly denied.

---

[1]. The single American case to the contrary is Dempsey v. Thompson, 363 Mo. 339, 251 S.W.2d 42. Not only does this case stand alone but it was specifically considered and rejected by several of the authorities above noted. The case of

Kozitko v. City of Cleveland, Common Pleas #658519, Cuyahoga County, Ohio, cited by the defendant, is not authoritative in view of Maus v. N. Y., Chicago & St. Louis R. Co., supra.