ANDREAS TOWLI, Respondent, et al., Plaintiffs, *v.* FORD MOTOR COMPANY, Defendant, and WILFORD AUTO SALES, INC., Appellant.

First Department, July 9, 1968.

*William F. McNulty* of counsel (*Simone & Brant,* attorneys), for appellant.

*Moe Levine* of counsel (*Seymour Madow* with him on the brief; *Joseph L. Barnett,* attorney; *Moe Levine* and *Aaron J. Broder* of counsel), for respondent.

*Per Curiam.* In this negligence action, defendant appeals from a judgment entered in favor of the plaintiff in the sum of $70,210.

The judgment was the result of a trial before a jury, which trial was solely on the issue of damages. After the jury was instructed on the factors to be considered by it in determining the amount to be awarded as damages, and after the jury had been deliberating for a time, it asked various questions of the court, among which were the following: "Does the plaintiff have to pay taxes on the award?" "If so, how are they computed?" The court responded as follows: "I instruct you, members of the jury, that the law does not permit me to instruct the jury with regard to income taxes. I therefore cannot answer your questions as to taxes or the payment of same."

It is the opinion of this court that the answer of the trial court was not sufficient in the circumstances of this case. The jury might have considered taxes as an important factor in determining the amount of the award. Of course, it would be improper for it to do so. It is for that reason that the question should have been answered directly.

At the very least, the court should have instructed the jury that it may not consider income taxes in determining the award to be given plaintiff. (Cf. *Anderson* v. *United Air Lines,* 183 F. Supp. 97.)

We do not here decide whether a trial court should include an instruction with respect to taxes in its initial charge to the jury, nor do we reach the question as to how a court should rule, if requested by counsel to charge the jury with respect to taxes. We simply decide, that in this case the direct question of the jury should have received a direct answer. (See *Stevenson* v. *New York Contr. Co.,* 137 App. Div. 742, 750; *Kerner* v. *Surface Transp. Corp. of N. Y.,* 266 App. Div. 356.) The answer given by the court no doubt left the jury in a state of confusion.

We may not speculate as to whether the jury brought in a larger verdict in the belief that plaintiff would have to pay income taxes. We are, therefore, constrained to reverse the judgment and order a new trial on the issue of damages, only.

Accordingly, the judgment entered October 9, 1967 should be reversed on the law and in the exercise of discretion, without costs to either party, and a new trial on damages ordered.

EAGER, J. P., STEUER, CAPOZZOLI, McGIVERN and RABIN, JJ., concur.

Judgment unanimously reversed, on the law and in the exercise of discretion, without costs or disbursements to either party, and a new trial on damages ordered.