## OTTER CREEK COAL COMPANY *v.* ARCHER.

[No. 9,262.   Filed April 27, 1917.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Contributory Negligence.—Proximate Cause.*—In a servant's action for personal injuries, an instruction that the master was liable for his negligence, unless plaintiff was guilty of such negligence as proximately caused his injury, was not objectionable as requiring that contributory negligence be the exclusive cause of the injury, as a proximate cause is not necessarily the sole cause, but may be one of several concurring causes which are proximate.   p. 384.

2. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Duty to Inspect Mine.—Statute.—Scope.*—In a mine worker's action for personal injuries predicated upon the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), instructions ignoring the provisions of §8580 Burns 1914, Acts 1905 p. 65, which require inspection of the mine and notice of defects by the miner, are not erroneous on that ground.   p. 385.

3. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Duty to Inspect Mine.—Statute.—Scope.*—In an action for personal injuries, where a teamster in a mine charged that the injury was due to defective coal car wheels and tracks, the action being predicated upon the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), instructions ignoring the provisions of §8580 Burns 1914, Acts 1905 p. 65, relative to the inspection of mines and the report of defects by employes, are not erroneous for that reason, since that statute refers only to dangers peculiarly applicable to coal mines and did not impose upon plaintiff the duty to report such defects as were relied on. p. 385.

4. APPEAL.—*Review.—Harmless Error.—Instructions.—Cure by Other Instructions.*—Error in an instruction authorizing a recovery if plaintiff proved the material allegations of his complaint without stating what allegations were material was ren-

dered harmless, where the court gave defendant's requested instruction clearly stating the issues in the case.    p. 386.

5.   TRIAL.— *Instructions.— Personal Injuries.— Damages.— Consideration of Instructions as a Whole.*—Where, in an action for personal injuries, an instruction upon the question of damages which, when read as a whole, confined the jury to a consideration of the facts proved, defendant was not harmed by including therein elements of damage upon which there was no evidence.   p. 386.

6.   DAMAGES.—*Excessive Damages.—Personal Injuries.*—Where plaintiff in a personal injury case sustained what is known as a "green break" of one of the bones of the leg, the doctor bill was $15, the time lost was three months, and plaintiff's wages were $2.84 a day, a verdict for $750 was not excessive, since it was not so large as to indicate that the jury acted from prejudice, partiality, or corruption.   p. 387.

From Vigo Superior Court; *Fred W. Beal,* Judge.

Action by Thomas Archer against the Otter Creek Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James Bingham* and *Remster A. Bingham,* for appellant.

*Charles S. Batt* and *Walker S. Warner,* for appellee.

IBACH, P. J.—This was an action for damages for personal injuries received by appellee while employed as a driver in appellant's coal mine. From a judgment in appellee's favor for $750 appellant appeals and assigns as error the overruling of its motion for a new trial.

The second paragraph of complaint on which the cause was tried is predicated on the act of 1911. Acts 1911 p. 145, §8020a *et seq.* Burns 1914. Appellant answered by general denial.

It appears from the complaint that appellant in the operation of its mine used a wooden track and small coal cars thereon for the purpose of handling and hauling the coal as it was mined. On the day of the injury appellee was employed as a driver and while taking out a carload of coal the car ran off the track about

fifteen feet from the face of the coal and this caused the load of coal to pitch forward upon appellee and thereby injure him. The negligence charged, in general, is the construction and maintenance of its wooden track in room No. 1 in a dangerous and unsafe condition, providing appellee with a defective car, and the negligent loading of the car.

The specific defects charged are that the rails of the tracks were warped and uneven; that they stuck up and were not securely fastened at the ends, causing the cars to run zigzag fashion and greatly increasing the danger of the cars leaving the track; that the track was laid with a high projection about fifteen feet from the face of the coal, which projection was about a foot high and very abrupt and had the effect of throwing a car forward with great force and rapidity when it was pulled over the projection from either direction; that the grade from this projection was very steep; that the car provided by appellant at the time of the injury was defective in that the wheels were worn, warped and cracked, were improperly attached, were loose and that they wobbled back and forth; and that the car was allowed to remain in that condition for a long time prior to the injury. It is also averred that the coal was carelessly and negligently loaded so that it was liable to and did slide forward out of the car.

The questions presented by appellant's brief relate to the giving of, or the refusal to give, certain instructions. Of the instructions given and excepted to, Nos. 2, 3, 4, 6, 7, 9, 10, 11, 14, 17, 18, 19, 20, and 23 are discussed. We shall not attempt, however, to set out the instructions in full and will abridge and omit where the specific language used is not essential to render clear our discussion.

The objection to instruction No. 2 necessary to discuss is the use of the words "proximately caused" in-

stead of "proximately contributed" in connection
1.  with that part of the instruction referring to con-
    tributory negligence on the part of appellee. Ap-
pellant contends that the language implies that the con-
tributory negligence shall be the exclusive cause.  That
part of the instruction reads: "The plaintiff himself is
not required to prove that he was not guilty of con-
tributory negligence on his part; but in order to find
that the plaintiff was himself guilty of such negligence
as would defeat his recovery; the burden is on the de-
fendant to prove by a preponderance of all the evidence
in the case, that the plaintiff was himself guilty of such
negligence as proximately caused his injury; this, how-
ever, can be proved by any of the evidence submitted
in the case by plaintiff or defendant."

A proximate cause of a result is not necessarily the
sole cause, for we may have concurring causes all of
which are proximate.  When one of the concurring
causes of an injury is the negligence of the plaintiff,
we speak of it as contributory negligence.  "To consti-
tute 'contributory negligence,' there must be a want of
ordinary care on the part of the plaintiff and a proxi-
mate connection between that and the injury." *In-
dianapolis, etc., Transit Co.* v. *Edwards* (1905), 36 Ind.
App. 202, 74 N. E. 533; See, also, *Columbia Creosoting
Co.* v. *Beard* (1909), 44 Ind. App. 310, 89 N. E. 321.
The effect of the instruction, when read as a whole, was
to tell the jury that, if they found that the defendant
was guilty of negligence proximately causing the in-
jury, they should find for the plaintiff, unless the evi-
dence showed that he was guilty of negligence which
concurred with that of the defendant in producing the
injury.  The same objection is made to instruction No.
18, and for like reason it was not erroneous or mislead-
ing.

A number of instructions are objected to on the

ground that they ignore the provisions of §8580 Burns 1914, Acts 1905 p. 65, which require appellant to inspect its mine and the miner to give notice of any defect discovered. This action is predicated, as before indicated, upon the act of 1911, and not upon §8580, *supra*. This we think is a sufficient answer in itself to appellant's objections. But if we are incorrect in this conclusion and there might be cases in which the provisions of §8580, *supra*, could be invoked in the consideration of cases brought under the Employers' Liability Act of 1911, still appellant could not be aided thereby, in view of the facts of this case, because the defects here relied upon do not come within the statute.

Section 8580, *supra*, refers to those dangers peculiarly applicable to coal mines which are extra hazardous working places and, to keep such mines as free from danger as possible, the statute requires the giving of the notices specified therein, but this statute does not impose upon appellee the duty to report such defects as are relied on in this action. This conclusion, we think, must undoubtedly follow when the history of our mining legislation is considered in connection with a proper construction of the whole mining act of 1905.

A number of instructions upon the nonassumption of risk of the dangers and defects inherent or apparent by appellee were given and these are objected to by appellant. The instructions, while subject to some criticism, are not in conflict with the decisions of this and the Supreme Court construing the act of 1911, *supra*, in such particular. *Standard Steel Car Co.* v. *Martinecz* (1916), — Ind. App. —, 113 N. E. 244, 114 N. E. 94, and cases cited; *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96, and cases

cited; *Deer* v. *Suckow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700.

It was held in *Standard Steel Car Co.* v. *Martinecz, supra,* following the case last cited, that: "Where the employe, or the complaining party, in case the employe's injuries resulted in death, has proven a defect in the working place, tool, implement, or appliance furnished by the employer for the use of the employe and the consequent injury, a *prima facie* case has been made against the employer."

Instruction No. 23 is objected to on the ground that it instructs the jury that damages are recoverable "providing the plaintiff has proved the material allegations of his complaint," without stating what allegations are material. The instruction may properly be subject to criticism in this respect, but in view of instruction No. 1 given at the request of appellant, the defect was rendered harmless, for in that instruction the jury was clearly instructed as to the issues in the case. *Harrod* v. *Bisson* (1911), 48 Ind. App. 549, 558, 93 N. E. 1093.

Instruction No. 24, upon the question of damages, was not erroneous in the particulars complained of. When read as a whole, the jury was confined to the facts proved in the case. No harm could have come to appellant by the instruction including "loss from permanent impairment of his physical powers," and "his personal disfigurement," in the absence of any evidence to show such facts.

There is some evidence to establish the material allegations of the complaint, both as to a defective track and with furnishing appellee with a defective car. Under the evidence in this case, contributory negligence was a question for the jury.

Appellant finally insists that the damages assessed are excessive; that appellee's injury was what was

known as a "green break" of one of the bones of
6.   the leg; which was only bent and cracked on one
side; that the suffering was not long continued,
the doctor bill was only $15, the time lost only three
months, and the wages only $2.84 a day. Conceding that this was the only evidence on this question, the
amount of the judgment rendered was not such as to
indicate that the jury acted from prejudice, partiality
or corruption, and therefore a new trial was properly
denied on such ground.

What we have said in disposing of the instructions
given and objected to disposes of the questions presented on the instructions refused, and also the alleged
errors in the admission and exclusion of evidence, in so
far as they could affect the substantial rights of appellant.

No available error being shown, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 952. Excessiveness of verdicts
in actions for personal injuries not resulting in death, L. R. A.
1915F 30, 16 Ann. Cas. 8; specifically as to injuries to legs, L.
R. A. 1915F 308. See under (1) 26 Cyc 1507; (5) 26 Cyc 1492;
(6) 13 Cyc 126.