## GEROW *v.* HAWKINS.

[No. 14,819.   Filed November 16, 1934.]

*Fenton, Steers, Beasley & Klee* and *Kivett & Kivett,* for appellant.

*Seth S. Ward,* for appellee.

DUDINE, J.—This was a suit for damages instituted by appellee against appellant.

The complaint alleged that appellee was crossing Delaware Street in Indianapolis in an eastward direction at the intersection of said street with North Street, and on the South line of said North Street, and when he reached the center of Delaware Street, he had to stop and wait for northbound traffic to pass, and while so waiting appellant "suddenly appeared driving his automobile from north to south on and along Delaware Street, and he (appellant) then and there carelessly and negligently and without warning of his approach drove and operated his automobile through the intersection of said two streets at the unreasonable, high and dangerous rate of speed, to-wit, thirty-five miles per hour to and against the person of . . . (appellee)."

The issue was closed by a general denial, and the cause was submitted to a jury for trial. The jury returned a verdict against appellant in the sum of $700.00, and judgment was rendered on the verdict.

Appellant duly filed a motion for new trial, which was overruled, whereupon this appeal was perfected, appellant assigning the overruling of said motion as the sole error.

The motion for new trial contained six alleged causes, but only two of said causes are discussed in appellant's brief and they are that the court erred in giving each of two instructions.

The first instruction attacked by appellant in his brief was as follows:

"Gentlemen of the Jury, at the time of the accident in question, there was in full force and effect the following statute in the State of Indiana, which reads as follows:

"'In approaching a pedestrian who is walking or

standing upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or curve or a corner in a highway where the operator's view is obstructed, every person driving or operating a motor vehicle or motor bicycle shall slow down and give a timely signal with the bell, horn or other device for signaling.' (Sec. 10137, Burns 1926, §47-513, Burns 1933, §11166, Baldwin's Ind. Stat. 1934).

"If you find that the defendant unlawfully operated his automobile at the time and place in question and further find that the plaintiff was standing in the roadway in question and that such unlawful act upon the part of the defendant was the sole proximate cause of the plaintiff's alleged injury, then in that event, your verdict should be in favor of the plaintiff."

In the other instruction attacked in appellant's brief the court stated that Sec. 10140, Burns 1926, §47-516, Burns 1933, §11169, Baldwin's Ind. Stat. 1934, regulating speed of motor vehicles upon public highways was in effect, quoted the pertinent part of that statute, and then said:

"If you find that the defendant unlawfully operated his automobile at the time and place in question, to and against the plaintiff, and that such unlawful act was the sole proximate cause of the plaintiff's alleged injuries, then in that event your verdict should be for the plaintiff."

Appellant contends as to each of said instructions, (1st) that they failed to negative contributory negligence, (2nd) that they permitted recovery for acts of appellant not alleged in the complaint.

Neither of said contentions are tenable. As to said first contention we call attention to the fact that in each of said instructions the condition fixed by the court, under which the jury should find for the plaintiff, was if they found that the defendant's unlawful act was the *sole* proximate cause of the injury. The term "the sole proximate cause" and the term "the proximate cause" do not mean the same thing in law

as is contended in appellant's reply brief. Appellant cites *El Paso Electric Co.* v. *Sawyer* (1927), (Texas), 291 S. W. 667, 673, as authority for said contention. The court in said case does make such a statement, but in the opinion, the court indicates that the terms are not synonymous in law. We have found no other case wherein that statement of the court has been accepted as a true statement of law, and there is no authority given in that case in support of the statement.

Appellant in his reply brief quotes the following from *Otter Creek Coal Co.* v. *Archer* (1917), 64 Ind. App. 381, 384, 115 N. E. 952:

"A proximate cause of a result is not necessarily the sole cause, for we may have concurring causes all of which are proximate. When one of the concurring causes of an injury is the negligence of the plaintiff, we speak of it as contributory negligence."

That statement clearly indicates that this court does not consider the terms "proximate cause" and "sole proximate cause" to be synonymous in law, that this court construed the term "proximate cause" to be more extensive than the term "sole proximate cause."

To say that something is the sole proximate cause, is saying in effect there was no other proximate cause except that thing. To say that there was no other proximate cause is saying that there was no contributory negligence, therefore the court in each of said instructions did negative contributory negligence in each of said instructions by the use of the phrase "sole proximate cause." See 50 C. J. p. 842 and note 13, 22 R. C. L. 112. Although we think we have sufficiently answered appellant's said contention, we deem it advisable to note that in this case the jury was sufficiently instructed as to contributory negligence by other instructions.

With reference to appellant's contention that each of

said instructions permitted recovery for acts of appellant not alleged in the complaint, we call attention to the rule of law that instructions must be construed as a whole.

As was said in *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 387, 74 N. E. 509, "In the consideration of an instruction the initial point of inquiry is, was the jury misled?" (Quoted in *Grand Trunk, etc., R. Co.* v. *Cather* (1931), 92 Ind. App. 563, 167 N. E. 551.) "The question, whether an error (erroneous instruction) was influential in determining the result of a trial, is made to depend on the particular facts of each case." *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 539, 105 N. E. 788.

Instruction No. 2 given on the court's motion, insofar as it related to the question before us, was as follows:

> "Under the issues thus formed before plaintiff can recover the burden is upon him to prove by a preponderance of the evidence the material allegations of his complaint. He must establish by a preponderance of the evidence some act or acts of negligence charged in the complaint and that such acts were the proximate cause of his injuries. . . ."

Instruction No. 7 given on the court's motion was as follows:

> "Unless it has been shown to your satisfaction by a preponderance of the evidence that the defendant was at fault as charged in the plaintiff's complaint, then I instruct you, the plaintiff is not entitled to recover and your verdict should be for the defendant."

The two instructions complained of were not in conflict with said instructions Nos. 2 and 7. When considered together these instructions could not reasonably be construed to mean that the jury could find for the plaintiff if *any* unlawful acts on the part of the defendant were proven, regardless of whether or not the acts

so proven, were charged in the complaint; they can only be reasonably construed to mean that the plaintiff can recover only if acts charged in the complaint are proven.

No reversible error having been shown, the judgment is affirmed.