ALLEN *v.* GRABERT

[No. 18,355. Filed April 7, 1953. Rehearing denied June 3, 1953. Transfer denied September 25, 1953.]

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger* and *Edward E. Meyer* (of counsel), all of Evansville, for appellant.

*John H. Jennings*, of Evansville, for appellee.

BOWEN, J. This is an appeal from a judgment in an action to recover damages arising out of an automobile collision which occurred at a street intersection. Issues were joined upon appellee's complaint in two paragraphs, the first of which was for damages for personal injuries and the second for property damages, to which complaint the appellant filed a cross-complaint in two paragraphs, the first of which was for personal damages and the second for property damages. The charges of negligence in appellee's complaint were that appellant was negligent in failing to heed a traffic control signal, that she failed to maintain a lookout, and in addition charged excessive speed, and that appellant failed to yield the right-of-way claimed by appellee. This latter specification of negligence was

stricken out on appellant's motion. The appellant filed an answer denying the charges of negligence and alleged affirmatively that the accident was due to the negligence of appellee. The allegations of negligence in appellant's cross-complaint were that the appellee was negligent in failing to heed the traffic control signal, traveled at an excessive rate of speed, and failed to grant the right-of-way to appellant by reason of the traffic control signal. Appellee's reply denied the acts of negligence charged.

Upon the foregoing issues the cause was tried by a jury which returned a verdict in favor of appellee and against the appellant in the sum of $11,000.00. The appellant filed a motion for a new trial, which was overruled, and this appeal followed.

The error assigned for reversal is that the trial court erred in overruling appellant's motion for a new trial. The grounds of the motion for a new trial were that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, that the damages assessed were excessive, that the amount of damages assessed by the jury were erroneous, being too large, that the court erred in giving to the jury certain instructions tendered by the appellee, that the court erred in refusing to give to the jury instruction No. 5 requested by the appellant, that the court erred in permitting the appellee to testify concerning his skin disease, and erred in permitting appellee, over appellant's objection, to examine jurors on the voir dire examination concerning their interest or connection with three separate insurance companies.

Appellant's tendered instruction No. 5, which the court refused to give and which the appellant assigns as error, reads as follows:

"I instruct that if you find from a preponderance of the evidence that the traffic light governing and controlling the defendant's automobile at the time and place in question was not operating, then I instruct you that the defendant was not negligent in entering said intersection without stopping regardless of the other traffic lights which may have been located at said intersection unless you should further find that the defendant knew or should have known that said traffic light was not operating."

Such instruction stated that if the jury found the circumstances set forth in the instruction to exist "the defendant was not negligent in entering said intersection without stopping". Even if the traffic light was not operating, and even if all the circumstances related in the instruction as to lack of knowledge on the part of the appellant had existed, under the law the appellant would have owed a duty to use due care in entering the intersection. This element is wholly lacking from such instruction and as requested by the appellant it would have been an improper statement of the law. It was therefore not error for the court to refuse such instruction.

Highway rules provided by statute and ordinance defining rights-of-way, duties and conduct of operators of motor vehicles meeting at street intersections are not unyielding and absolute, and such rules must be applied in each case in the light of the particular circumstances involved. The fact that a statute or ordinance gives a motorist certain rights with reference to a highway intersection does not relieve him of the legal duty to exercise reasonable care for the safety of others. *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N. E. 2d 649, 9 N. E. 2d 107; *Wolf* v. *Vehling* (1923), 79 Ind. App. 221, 137 N. E. 713; *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. 2d 336; *H. E. McGonigal, Inc.* v. *Etherington* (1948),

118 Ind. App. 622, 79 N. E. 2d 777. Therefore the instruction which the appellant questions, since it stated unequivocally that "the defendant was not negligent in entering said intersection without stopping", under the circumstances set forth in such instruction, was an incorrect statement of the law. Under the circumstances disclosed by the issues and the evidence in this case the circumstances related omitted the appellant's duty to use reasonable care. A statement of law defining the appellant's duties in connection with the circumstances shown in such instruction under the issues and evidence in this case, in order to constitute a proper statement of the law, must have presented to the jury the question of whether or not appellant had used reasonable care under such circumstances.

Cause No. 5 of appellant's motion for a new trial is that the court erred in giving to the jury those instructions requested by the appellee plaintiff numbered 1 and 2 both jointly and severally. Instruction No. 1 which was given over the objection of the appellant reads as follows:

"It was the duty of the defendant, Hester Allen, in operating her automobile, at the time and place in question, to exercise such care and caution as a reasonably prudent person would have exercised under the same or similar circumstances, and it was her duty as she drove west upon East Franklin Street, approaching the intersection of Heidelbach Avenue and East Franklin Street, to keep her automobile under control and when possible avoid collision with other vehicles at said intersection.

"Therefore, if you find that at the time and place in question the said Hester Allen was operating her automobile at such a rate of speed so that she did not have the same under control and could not, because thereof, avoid colliding with the automobile then and there being driven by the plaintiff, Otto K. Grabert, and that such conduct on her part proximately contributed to the accident and dam-

ages complained of, the defendant, Hester Allen, cannot recover in this action *and your verdict should be for the plaintiff, Otto K. Grabert.*" (Our italics)

The appellant's objection to this instruction was as follows:

"The Defendant objects to the giving by the court of Plaintiff's Instruction No. One (1), on the ground and for the reason that the plaintiff was under a like duty as that duty placed upon the defendant under the instructions tendered and the instruction does not advise the jury that the plaintiff was under the same duty."

This cause was submitted to the jury on issues formed on a complaint by the appellee and a cross-complaint filed by the appellant. The mentioned instruction and the objection thereto as applied to appellant's cross-complaint would not present reversible error. However, the giving of such instruction, which was a mandatory instruction, as applied to the issues formed on the appellee's complaint, was clearly reversible error. This instruction, in effect, told the jury as to appellee's complaint, that if the jury found the appellant defendant guilty of negligence that their verdict should be for the plaintiff without including therein the necessary requirement that the plaintiff be found free from contributory negligence, which was a like duty owed by the plaintiff. Appellant's objection to this instruction presented such error for the consideration of this court.

It has been repeatedly held that where a court undertakes to enumerate in an instruction the essential elements necessary to a recovery, and by such instruction directs the jury to return a verdict for the plaintiff if such facts are found to be

true, the omission of a fact or condition essential to a recovery renders the instruction erroneous, and such error is not cured by other instructions which may properly enumerate all of the elements necessary to a recovery. *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 57 N. E. 244; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577; Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §1510 (7), p. 239, and later cases therein cited.

Therefore, since the questioned instruction, in substance, mandated the jury in the instant case to return a verdict for the appellee, if the appellant was found to be guilty of the negligence enumerated in the instruction, omitting the element of plaintiff's freedom from contributory negligence, the giving of such instruction over the objection of the appellant was error, necessitating a reversal of this cause.

The questions presented by other assigned errors may not arise on a retrial of this cause.

For the reasons given herein, the lower court erred in overruling the appellant's motion for a new trial. The judgment is reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 111 N. E. 2d 477.