NEWTON v. CECIL.

[No. 18,545. Filed March 1, 1955. Rehearing denied March 31, 1955. Transfer denied May 12, 1955.]

*Frank B. Russell,* of Tipton, and *Christian, Waltz & Klotz,* of Noblesville, for appellant.

*Garrison & Castor,* of Noblesville, for appellee.

KENDALL, J.—Appellee instituted this action in the lower court for damages for personal injuries and property damages growing out of an automobile col-

lision on State Road 37 in Noblesville, Indiana, on April 25, 1947.

The amended complaint consisted of two paragraphs —first, for damages for personal injuries; second, damages allegedly done to the automobile. Appropriate answers were filed by the appellant.

The acts of negligence charged were, that the appellant operated his car at a high and dangerous rate of speed, to-wit: fifty miles per hour; that he drove his car across the center line of public highway No. 37 onto the lane of traffic for motor vehicles traveling in a northerly direction; that he failed to keep a proper lookout and yield the right-of-way.

Trial by court resulted in a judgment in favor of appellee on his first paragraph of amended complaint in the sum of Eight Hundred and Fifty ($850.00) ■ Dollars and in favor of appellant on the second paragraph of amended complaint. No cross errors are assigned by appellee. Appellant's new trial motion contained four specifications. It is only necessary to discuss the first two thereof which are: that the decision of the court is not sustained by sufficient evidence and is contrary to law. The other two specifications not being argued or discussed in appellant's brief are therefore waived. The assignment of error is that the court erred in overruling appellant's motion for new trial.

State Road No. 37 runs in a northerly and southerly direction through the town of Noblesville, Indiana. There was evidence that the appellee was backing out of a driveway from the "37 Grill" onto the east lane of said highway; that in doing so, he looked to the south and saw no vehicles approaching in the line of travel in the direction which appellee was proceeding; that when he got his automobile within two feet of

the center line, which was on the east side thereof, he first observed within fifteen to twenty feet the approach of the appellant's automobile traveling in a southerly direction which was over the center line (east side) and onto his traveled portion of the highway; that the weather was damp, the pavement wet; that the appellant did not put on his brakes. There was evidence that appellant as he was traveling in the above position was going fifty miles per hour; however, he testified that he was traveling between thirty and thirty-five miles per hour. He likewise testified that as he approached appellee's car traveling in a southerly direction, he observed a bus parked on the west side of the highway which was the lane of travel for motor vehicles proceeding in a southerly direction; that he turned his car to the center to avoid the bus or anyone getting off; however, there was no evidence of anyone getting off the bus. There was evidence that the road at that point of impact was thirty (30') feet wide. The appellant testified that each lane would be from twelve to fifteen feet wide and that the bus was of ordinary width. As to the position of appellant's car in relation to the center line of the road, he testified as follows:

"Q: Where were you with reference to the center line of the road, in your opinion?
"A: I would say about—
            (Objection)
"A: —about the center line.
"Q: You think—were you or were you not on your side of the road?
"A: Well, I couldn't say for sure that I was really on my side of the road, but I couldn't have been very much off."

On cross examination, the following questions were asked and the answers given:

"Q: You weren't watching the center line of the highway?

"A: I could see down the highway.

"Q: You were watching this bus to your right?

"A: Yes.

"Q: And you weren't watching the center line?

"A: I was watching—yes.

"Q: You couldn't say whether you were on the east side of the road or west side, I believe you testified.

"A: I could say that I pulled over a little bit for the bus but I know that I wasn't over—I might have been over the line a little but I might not.

"Q. You might have been over as much as two feet—that's possible?

"A: Might have been possible."

The evidence did not disclose any moving traffic on the west side of the road in front of appellant's car.

As to the second paragraph of amended complaint, the evidence showed that the Chevrolet car was purchased in 1942 by appellee; that at the time of the accident, he had between 75,000 to 80,000 miles on it and had paid approximately $950.00 for the car; that his insurance company had paid him $975.00, less $50.00 deductible.

The appellant contends that from this type of evidence the appellee was guilty of contributory negligence as a matter of law and that the evidence conclusively established that fact. With this contention, in view of the sharp conflict thereof, we do not agree. The testimony is characterized by numerous conflicts especially in regard to speed and the position of appellant's car in relation to the center line of the road. This imposed upon the trial court the task of determining the weight and the credibility of the testimony given. There was sufficient evidence of probative value from which the court could find that the appellee was on his proper side of the highway at the time of the accident; that

as he backed out into the east lane thereof and observed no traffic coming from the south on his side of the highway, he had no reason to believe that he was in a position of peril or a position to be struck by a motor vehicle coming from the north; that the appellee exercised due care under the circumstances and the accident was caused by appellant's failure to observe the rules of the road in keeping his car under control and in the proper lane of travel.

The appellant's answers to the questions propounded to him in regard to the position of his car at the time of the accident do not substantiate appellant's contention that the appellee was guilty of contributory negligence as a matter of law. There was sufficient evidence of probative value to substantiate the court's finding that it was the appellant's negligence that caused the collision out of which personal injuries were sustained. It is not contended that the judgment of Eight Hundred and Fifty ($850.00) Dollars is excessive.

Contributory negligence is ordinarily a question of fact for the jury. This case being tried by the court it was a question of fact therefore for the court. It is only where facts are undisputed and only a single inference can be drawn therefrom that the court can say as a matter of law that a certain course of conduct constitutes contributory negligence. We cannot say that the record here shows such contention existed.

The trial judge was the sole judge of the credibility of the witnesses. Conflicts in the evidence and the weight thereof are to be determined by him alone and the opinion of the members of this court cannot be substituted therefor. *Mellen* v. *Knotts* (1954), 125 Ind. App. 113, 121 N. E. 2d 435; *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, 78

N. E. 2d 449; *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. 2d 118; *First Bank & Trust Co. of South Bend* v. *Tellson* (1954), 124 Ind. App. 478, 118 N. E. 2d 496; *Gross Income Tax Division* v. *L. S. Ayres & Co.* (1954), 233 Ind. 194, 118 N. E. 2d 480.

It was for the court to determine whether or not the conduct on the part of the appellant was that of an ordinary prudent man under the conditions then existing to so operate his automobile, and in this case, under the evidence presented, the court resolved the question against the appellant. Such finding is binding upon this court.

Finding no error, judgment affirmed.

NOTE.—Reported in 124 N. E. 2d 713.