HIGHSHEW *v.* KUSHTO

[No. 18,691. Filed February 7, 1956. Rehearing denied March 22, 1956. Transfer denied May 29, 1956. Petition to withdraw opinion denied June 13, 1956.]

*George Stevens,* of Plymouth, *Milton A. Johnson,* of South Bend, *Stevens & Wampler* (of counsel) of Plymouth and *Hammerschmidt & Johnson* (of counsel), of South Bend, for appellant.

*John W. Montgomery,* of South Bend, and *Marshall F. Kizer,* of Plymouth, for appellee.

## ON PETITION TO TRANSFER[1]

ARTERBURN, J.—This comes to us on a petition to transfer from the Appellate Court. We have examined the petition and it is our opinion that the transfer should be denied. However, in the opinion of the Appellate Court is found the following language:

"The refusal of the court to give appellant's tendered instruction number 27 presents a question of first impression in Indiana. If given it would have informed the jury that in the event they found for the plaintiff any award made to him would not be subject to federal income taxes. *Such an instruction has been approved by the courts of Missouri, Dempsey v. Thompson, 1952, 363 Mo. 339, 251 S. W. 2d 42, and we can find no reason for the disapproval of the one here involved.* It is obvious, however, that a refusal to give the in-

[1] Appellate Court opinion by Crumpacker, J., 131 N. E. 2d 652, 133 N. E. 2d 76.

struction could only result in an excessive verdict due to the jury's desire to make the appellee whole after taxes. *The verdict in this case is not excessive and we are constrained to conclude that any error involved in the refusal to give the instruction in question was harmless."* (Our italics).

That portion of the language underscored above in our opinion should be disapproved. In a recent case, *Hall v. C. & N. W. Ry. Co.* (1955), 5 Ill. 2d 135, 125 N. E. 2d 77, 86, the Illinois Supreme Court, on page 152, had this to say with reference to an instruction such as that referred to above:

"We are of the opinion that the incident of taxation is not a proper factor for a jury's consideration, imparted either by oral argument or written instruction. It introduces an extraneous subject, giving rise to conjecture and speculation."

In a recent Ohio case, *Maus v. New York, Chicago & St. Louis Railroad Co.* (1955), Ohio App., 128 N. E. 2d 166, 167, had this to say:

"To permit an instruction, as requested herein, there should be an inquiry as to the amount allowed for actual loss of wages plus probable future loss of earnings, for, as to those matters, the injured person, if he had not been injured and had he continued to work, would have paid income taxes on all of his earnings. On the amount awarded for pain, suffering and mental anguish, no reasonable person would expect to pay or be assessed for income taxes."

Inquiries at a trial into the incidents of taxation in damage suits of the character we have here, would open up broad and new matters not pertinent to the issues involved. Such subject matter would involve intricate instructions on tax and non-tax liabilities with all the regulations pertinent thereto. No

court could, with any certainty, properly instruct a jury without a tax expert at its side. In our judgment such matters are not a proper subject for instruction or argument of counsel.

With reference to the latter part of the Appellate Court's quoted opinion, we wish to say that if the instruction in this case had been a proper one we cannot necessarily say that a refusal to give it, would have been harmless.

Since we agree with the result in the Appellate Court's opinion, the petition to transfer is denied.

Landis, C. J., Bobbitt and Achor, JJ., concur.

Emmert, J., dissents.

ARTERBURN, J.—The appellant has filed a petition entitled, "Petition to Withdraw Opinion or in the Alternative to Grant Petition to Transfer," following this court's denial of appellant's petition to transfer this case from the Appellate Court to this court.

Upon the denial of the petition to transfer we wrote an opinion. The appellant's contention in substance is that to write such an opinion upon a denial of a petition to transfer is "to cause confusion" and that it is "grossly unfair to amend an opinion" of the Appellate Court in such manner. The inference to be drawn from this is, either that this court does not have authority to write opinions upon a denial of a petition to transfer, or that we, although having such authority, should refrain from doing so.

Whatever may be the position, our authority to render an opinion in such a case, nevertheless, has been previously determined adversely to appellant's contention. *Citizens Independent Tel. Co.* v. *Davis* (1951), 229 Ind. 217, 97 N. E. 2d 490; *Howard* v. *Robinette* (1952), 230 Ind. 199, 102 N. E. 2d 630.

We have the alternative of denying a petition to transfer with or without an opinion, and in the latter case, leaving any erroneous language in the Appellate Court's opinions as a deceptively innocent appearing decoy for the entrapment of trial courts and counsel. A denial of a petition to transfer does not indicate the Supreme Court approves the language in the opinion of the Appellate Court, although it does approve the resulting decision. There is, therefore at times sound reason why in the denial of any petition to transfer, although this court finds the resulting decision and the major reasoning of the Appellate Court proper, that if there is any language therein likely to mislead trial courts or counsel, this court should indicate its disapproval in order to avoid needless errors and likely reversals on appeals. *Fardy* v. *Mayerstein* (1943), 221 Ind. 339, 47 N. E. 2d 315, 47 N. E. 2d 966; *City of Huntington* v. *Lusch* (1904), 163 Ind. 266, 71 N. E. 647.

We find no prohibition in the Constitution or any statutes that restrains this court from writing an opinion when it seems fitting, on any decision it renders. It may do so upon a denial of a petition to transfer, just as it does upon the granting of a petition to transfer, if this court feels that it will aid in a clarification of the law of this state, eliminate confusion, and thereby avoid lurking dangers for those relying upon the decision.

Appellant's petition is dismissed.

Landis, C. J., Emmert, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 555.

Petition to Withdraw Opinion denied, 135 N. E. 2d 251.