SHEARER; SHEARER *v.* CANTRELL.

[No. 169A14. Filed November 24, 1969. Rehearing denied December 12, 1969. Transfer denied March 4, 1970.]

*Myron J. Hack,* of South Bend, for appellants.

*Arthur A. May, Crumpacker, May, Levy & Searer,* of South Bend, for appellees.

WHITE, J.—This is a consolidated appeal from judgments for the defendant-appellee which followed trial of personal injury negligence actions arising out of a two-car collision on

November 3, 1963, in St. Joseph County, Indiana. Appellant Geneva M. Shearer was riding as a passenger in the front seat of the automobile operated by her husband, appellant Obra L. Shearer, and she allegedly sustained bodily injuries which gave rise to the damages claimed in the husband's and wife's separate suits which were tried together to a jury which returned verdicts for defendant-appellee who was operating the other vehicle.

The evidence and reasonable inferences most favorable to appellee support this account of the collision: At 7:00 P.M. on Sunday, November 3, 1963, appellee was driving south on Currant Road and was approaching the right angle intersection of that road and U.S. 20 (sometimes known as McKinley Highway), an east-west highway. Appellants were traveling east on U.S. 20. There was a stop sign on the northwest corner of the intersection facing traffic on Currant Road. There were also bushes and shrubs on this northwest corner at the stop sign. These plants obscured the vision of anyone stopped at the sign attempting to look for traffic from the west on U.S. 20. Sight of the vehicle so stopped was likewise obscured from east-bound drivers on U.S. 20. The appellee stopped his automobile at the stop sign and stopped again closer to Highway 20 where he could see east-bound traffic. He waited there until two cars passed on U.S. 20 going east. Appellee and appellee's wife then looked both ways on U.S. 20 and, seeing no approaching cars, started to cross U.S. 20 at a speed of about five miles per hour. The front of appellee's car had crossed the south edge of U.S. 20 when it was hit in the right rear fender behind the rear wheel by the appellants' automobile. Proof that the appellant-wife was injured and that both appellants were thereby damaged is not in issue and will receive no further mention.

Appellants concede that the facts in evidence most favorable to appellee are substantially as we have recited them. And that it is upon these facts, plus "the undisputed evidence," that we must decide whether the verdicts are contrary to law.

As "undisputed evidence," they would add certain facts from the testimony of appellant Obra Lee Shearer. Especially his testimony that he was traveling at a speed of fifty miles per hour and was only fifty feet from the intersection when appellee entered it. This testimony was not, in fact, disputed by the direct testimony of any witness who claimed to have seen appellants' automobile as it approached the intersection. It is, however, disputed in another manner. It is disputed by the argument that if the facts we have recited are true then appellants' estimate that they were only fifty feet from the intersection at the time appellee started to pull onto McKinley road is erroneous. Counsel for appellee has calculated that it would have required six and one-half seconds for appellee to travel from the north edge of the road to point of impact (at his estimate of his own speed) and that at fifty miles per hour appellants' automobile would travel approximately 473 feet in that same time.[1]

Another item of "undisputed evidence" is appellee's plea of guilty before a justice of the peace to a charge of failure to yield the right of way. The implied, but erroneous, suggestion of appellants' argument is that appellee's failure to yield the right of way is an undisputed fact because appellee pleaded guilty. Either of two (or more) inferences can be drawn from the entry of this plea: 1) Appel-

---

[1] "Evidence is that which tends to produce conviction in the mind as to the existence of a fact. * * * There are many classes or kinds of evidence among which is the permissible deduction the trier of the facts may reasonably draw from other established facts before the court. . . . " *Magazine* v. *Shull*, 116 Ind. App. 79, 85, 60 N. E. 2d 611 (1945), quoted with approval by *Taylor* v. *Fitzpatrick*, 235 Ind. 238, 243, 132 N. E. 2d 919 (1956). Our arithmetic yields slightly different figures than those cited by appellee, but his deduction plausibly disputes appellant's testimony by either his or our arithmetic. By ours, appellee's speed of five miles per hour is seven and one-third feet per second. The distance travelled is forty-five feet (the highway width plus five feet because the front end of appellee's automobile was south of the south edge of the highway at time of impact). Forty-five divided by seven and one-third is six and three twenty-seconds $(45 \div 7 1/3 = 6 3/22)$. Fifty miles per hour is seventy-three and one third feet per second. $6 3/22 \times 73 1/3 = 450$.

lee failed to yield the right of way; or 2) appellee was innocent of the charge, but (as he testified by answer to written discovery interrogatory) he pleaded guilty merely to avoid the expense, time and trouble of a trial.[2]

A third item of "undisputed testimony" is appellee's statement that he looked but did not see appellants' automobile at the time he entered the intersection and that he did not know why he did not see it. "The *only* rational explanation [appellants argue] is that appellee was not maintaining a proper lookout." (Emphasis added.) No doubt appellants' failure to mention the possibility that appellee did not see appellants because appellants were not then close enough to the intersection to attract appellee's attention[3] results from appellant's assumption that his own testimony that he was then only fifty feet from the intersection is "undisputed evidence." This is the only basis on which it could be assumed that it was established that his automobile was "in plain sight" as does appellants' argument that failure to keep a proper lookout was negligence, "for 'the law presumes that a person sees that which is in plain sight.' "[4]

---

[2] In a civil action arising out of the same situation a plea of guilty is admissible as an admission against interest and for testing credibility, but not for the purpose of establishing facts. "Like any other admission its probative value may be destroyed by the circumstances under which it was given or by satisfactory explanation." *Dimmick* v. *Follis*, 123 Ind. App. 701, 704, 111 N. E. 2d 486 (1953).

[3] ". . . the testimony of one who was near a crossing and in a situation to have heard the whistle, that he did not hear it, is generally sufficient to support the inference that such a warning signal was not given. *Pennsylvania Co.* v. *Clark, Admr.* (1922), 191 Ind. 470, 133 N. E. 588." *Hummel* v. *New York Cent. R. Co..* 117 Ind. App. 22, 26, 66 N. E. 2d 901 (1946).

[4] Appellant cites *Scott* v. *Sisco*, 129 Ind. App. 364, 377, 156 N. E. 2d 895, 901 (1959), as the source of his quotation. Interestingly enough that case also involved some undisputed testimony by an unsuccessful plaintiff of which undisputed testimony it was then said: (at page 388) "Although appellant testified that he did look both ways before he attempted to cross the roadway, and did not see appellee's automobile approaching from the west, the jury had the right to take all of the exsiting circumstances into consideration as bearing upon the plausibility of appellant's testimony." That opinion by Judge Cooper also contains this quotation from *Taylor* v. *Fitzpatrick*, 235 Ind. 238, 243, 132 N. E. 2d 919 (1956) : "Physical facts and circumstances are often more convincing than words."

Appellant appears to make the argument that he had the right of way merely because he was on the preferential or through highway[5] and that appellee therefore negligently failed to yield the right of way to appellant merely because he entered from a non-preferential highway and was negligent in not blowing his horn to warn of his intrusion and negligent in not taking evasive action to avoid the collision. However, it is quite clear that he relies on Burns IND. STAT. ANN. § 47-2028(a) which requires a driver who enters an intersection after stopping at a stop sign to "yield the right-of-way to other vehicles . . . which are approaching so closely on said through highway as to constitute an immediate hazard. . . ." The factual keystone of the appellants' whole argument that they have proven appellee negligent and should have had verdicts in their favor is disclosed by this statement: "It is manifest that Appellants' automobile, being within 50 feet of the intersection at the time Appellee darted into it, was 'approaching so closely on said through highway as to constitute an immediate hazard.' " As has been demonstrated, there was evidence from which the jury was justified in inferring that appellants' automobile was not within fifty feet of the intersection at the time appellee entered it and was not, in fact, "approaching so closely . . . as to constitute an immediate hazard."

Appellants have failed to sustain what they admit to be their burden in this court. They have failed to show that "the evidence is without conflict and can lead to but one conclusion, and the trial court [through the verdict of its jury]

[5] Speaking of a different situation in *Keck* v. *Pozorski*, 135 Ind. App. 192, 198, 191 N. E. 2d 325 (1963), we made a statement applicable to the thesis of appellants' argument here: "This, of course, does not establish an absolute right of way. The fact that a statute or ordinance gives a motorist certain rights with reference to a highway intersection does not relieve him of the legal duty to exercise reasonable care for the safety of others. *Allen* v. *Grabert* (1953), 123 Ind. App. 649, 111 N. E. 2d 477." See also *Standard Oil Co.* v. *Thomas*, 105 Ind. App. 610, 619, 13 N. E. 2d 336 (1938); *Beem* v. *Steel*, 140 Ind. App. 512, 224 N. E. 2d 61 (1967).

has reached an opposite conclusion . . ." *Pokraka* v. *Lummus*, 230 Ind. 523, 532, 104 N. E. 2d 669, 673 (1952).

Appellants argue that by appellee's failure to move for a directed verdict he "conceded that legitimate verdicts in these cases would necessarily be in favor of Appellants" and he thereby "saved nothing for review on the question of liability." This argument certainly deserves no more than a brief mention, if, in light of what has already been said, it deserves any. The only "authority" cited (in addition to the totally irrelevant Supreme Court rule 1-7[5]) is "C.J.S. Trials, § 221." In 88 C.J.S. 507, Trial § 221, we find this statement: "It is conceded that *there is a question of fact for the jury,* and the question of insufficiency of evidence is waived, when one fails to move for a directed verdict. . . ." (Emphasis added.) While we do not adopt nor endorse this statement as a rule of law in Indiana, we do note that neither party moved for a directed verdict at any time. If, this waiver rule were the law in Indiana, it would then seem that the appellants, having also failed to move for a directed verdict, have joined appellees in conceding that at least one essential to their case was a question of fact for the jury.

The judgment is affirmed and costs are taxed against appellants.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 514.